151.    Upon information and belief, Overstock has had actual or constructive knowledge of the Cartier Design Patents, and has willfully distributed, advertised, promoted, sold and offered for sale jewelry and watches embodying the designs protected by U.S. Design Patent Nos. D388,332, D424,967, D497,567, D538,194 and D543,130.

152.    Upon information and belief, by its acts, Overstock has made and will make substantial profits and gains to which it is not in law or in equity entitled.

153.    Upon information and belief, Overstock intends to continue its willfully infringing acts, and will continue to willfully infringe Cartier's rights and to act in bad faith, unless restrained by this Court.

154.    Overstock's acts have damaged and will continue to damage Cartier, and Cartier has no adequate remedy at law.

## CARTIER'S NINTH CLAIM FOR RELIEF
## COMMON LAW TRADEMARK INFRINGEMENT

155.    The allegations set forth in paragraphs 1 through 34 and 92 through 154 hereof are adopted and incorporated by reference as if fully set forth herein.

156.    The conduct of Overstock as described herein constitutes common law trademark infringement under the common law of the State of New York.

157.    Overstock's acts have damaged and will continue to damage Cartier, and Cartier has no adequate remedy at law.

## CARTIER'S TENTH CLAIM FOR RELIEF
## COMMON LAW UNFAIR COMPETITION

158.    The allegations set forth in paragraphs 1 through 34 and 92 through 157 hereof are adopted and incorporated by reference as if fully set forth herein.

159.    The conduct of Overstock as described herein constitutes common law unfair competition with Cartier under the common law of the State of New York.

31

160.    Overstock's acts have damaged and will continue to damage Cartier, and Cartier has no adequate remedy at law.

## CARTIER'S ELEVENTH CLAIM FOR RELIEF
## NEW YORK GENERAL BUSINESS LAW § 349

161.    The allegations set forth in paragraphs 1 through 34 and 92 through 160 hereof are adopted and incorporated by reference as if fully set forth herein.

162.    Through the deceptive acts described herein, Overstock has engaged in consumer-oriented conduct that has affected the public interest of New York and has resulted in injury to consumers and harm to the public in the State of New York, in particular, the payment by consumers of retail prices for Overstock's goods far in excess of their actual retail value.

163.    Upon information and belief, Overstock's acts and practices have deceived or have a tendency to deceive a material segment of the public to which Overstock has directed its marketing activities, and Cartier has been injured thereby.

164.    Upon information and belief, Overstock has willfully engaged in deceptive acts or practices in the conduct of its business in violation of § 349 of the General Business Law of the State of New York.

165.    Overstock's acts have damaged and will continue to damage Cartier, and Cartier has no adequate remedy at law.

## CARTIER'S TWELFTH CLAIM FOR RELIEF
## NEW YORK GENERAL BUSINESS LAW § 360-l

166.    The allegations set forth in paragraphs 1 through 34 and 92 through 165 hereof are adopted and incorporated by reference as if fully set forth herein.

167.    Overstock's activities as alleged above have created and continue to create a likelihood of injury to Cartier's public image and reputation for the provision and sale of high quality goods and services, and to dilute the distinctive quality of the CARTIER House Mark and

all rights held thereunder, in violation of § 360-l of the General Business Law of the State of New York.

168.    Upon information and belief, Overstock has willfully engaged in deceptive acts or practices in the conduct of its business in violation of § 360-l of the General Business Law of the State of New York.

169.    Overstock's acts have damaged and will continue to damage Cartier, and Cartier has no adequate remedy at law.

## VAN CLEEF'S FIRST CLAIM FOR RELIEF
## TRADEMARK INFRINGEMENT

170.    The allegations set forth in paragraphs 1 through 13, 35 through 55, and 92 through 101 hereof are adopted and incorporated by reference as if fully set forth herein.

171.    By its acts alleged herein, Overstock has infringed, and continues to infringe, the Van Cleef Trademarks, in violation of 15 U.S.C. § 1114.

172.    Overstock, by its pervasive use of the Van Cleef Trademarks, has caused and is likely to continue to cause confusion, mistake and deception among the general consuming public and trade as to whether the Overstock Websites, or the products appearing thereon, originate from, or are affiliated with, sponsored by, or endorsed by Van Cleef.  A copy of pages printed off the <www.overstockjeweler.com> website depicting Overstock's use of the Van Cleef Trademarks is attached hereto as Exhibit Q.

173.    Overstock's unlawful actions have been entirely without Van Cleef's consent and have caused and are likely to continue to cause irreparable damage to Van Cleef.

174.    Upon information and belief, Overstock has been and/or is using the Van Cleef Trademarks with full knowledge of and/or willful disregard for Van Cleef's exclusive rights in the Van Cleef Trademarks.

175.    Overstock's conduct is intentionally willful, wanton, fraudulent, and malicious, and is undertaken with an intent to reap the benefit of Van Cleef's goodwill signified by the Van Cleef Trademarks.

176.    Overstock's acts have damaged and will continue to damage Van Cleef, and Van Cleef has no adequate remedy at law.

## VAN CLEEF'S SECOND CLAIM FOR RELIEF
## FALSE DESIGNATION OF ORIGIN

177.    The allegations set forth in paragraphs 1 through 13, 35 through 55, 92 through 101, and 170 through 176 hereof are adopted and incorporated by reference as if fully set forth herein.

178.    Overstock's use of the Van Cleef Trademarks and other indicia as aforesaid is likely to cause consumers, the public, and the trade to visit the Overstock Websites, and to purchase products on those sites, believing that Van Cleef is the source of such sites and/or the products offered thereon, or that there is some association between Van Cleef and the Overstock Websites and/or the products offered thereon, or that Van Cleef has sponsored or authorized Overstock's aforementioned activities.

179.    As a result of the foregoing, Overstock has falsely designated the origin of the Van Cleef products offered on the Overstock Websites, all in violation of 15 U.S.C. §1125(a).

180.    Upon information and belief, Overstock intends to continue its willful acts, and to act in bad faith, unless restrained by this Court.

181.    Overstock's acts have damaged and will continue to damage Van Cleef, and Van Cleef has no adequate remedy at law.

## VAN CLEEF'S THIRD CLAIM FOR RELIEF
## FALSE DESIGNATION OF ORIGIN

182.    The allegations set forth in paragraphs 1 through 13, 35 through 55, 92 through 101, and 170 through 181 hereof are adopted and incorporated by reference as if fully set forth herein.

183.    The Alhambra Design is used in commerce, is non-functional, is inherently distinctive and has acquired secondary meaning as the indicator of Van Cleef as the exclusive source of products containing or incorporating such design.

184.    Overstock has distributed, advertised, promoted, sold and offered for sale, in commerce, jewelry and watch designs which contain or incorporate designs that are confusingly similar to the Alhambra Design.

185.    Overstock's aforesaid conduct is calculated to deceive, and is likely to deceive, consumers who recognize and associate the Alhambra Design with Van Cleef as the exclusive source of products containing or incorporating such design.  Moreover, such conduct is likely to cause confusion, to cause mistake or to deceive consumers as to the source of Overstock's products which contain a confusingly similar copy or imitation of the Alhambra Design.  A chart containing photos of each of Overstock's jewelry designs which Van Cleef alleges contains a confusingly similar copy or imitation of the Alhambra Design is attached hereto as Exhibit R.

186.    As a result of the foregoing, Overstock has falsely designated the origin of the products offered on the Overstock Websites that contain copies or imitations of the Alhambra Design, all in violation of 15 U.S.C. §1125(a).

187.    Upon information and belief, Overstock intends to continue its willful acts, and to act in bad faith, unless restrained by this Court.

188.    Overstock's acts have damaged and will continue to damage Van Cleef, and Van Cleef has no adequate remedy at law.

## VAN CLEEF'S FOURTH CLAIM FOR RELIEF
## FALSE ADVERTISING

189.    The allegations set forth in paragraphs 1 through 13, 35 through 55, 92 through 101, and 170 through 188 hereof are adopted and incorporated by reference as if fully set forth herein.

190.    Overstock's overwhelming and pervasive use of the Van Cleef Trademarks and other indicia in its advertising and promotion of the jewelry and watch products being offered for sale on the Overstock Website deceives consumers into believing that Overstock's jewelry and watch products are comparable to Van Cleef's jewelry and watch products in quality, design and value, when they are not.

191.    The aforementioned acts of Overstock constitute the making of intentionally false or misleading representations of fact in interstate commerce, all in violation of 15 U.S.C. §1125(a).

192.    Upon information and belief, Overstock intends to continue its willful acts, and will continue to act in bad faith, unless restrained by this Court.

193.    Overstock's acts have damaged and will continue to damage Van Cleef, and Van Cleef has no adequate remedy at law.

## VAN CLEEF'S FIFTH CLAIM FOR RELIEF
## TRADEMARK DILUTION

194.    The allegations set forth in paragraphs 1 through 13, 35 through 55, 92 through 101, and 170 through 193 hereof are adopted and incorporated by reference as if fully set forth herein.

195.    The Van Cleef Trademarks are distinctive and famous.  The Van Cleef Trademarks have been routinely used by Van Cleef in connection with the promotion and sale of its products, both nationally and internationally, and, as a result of the extensive and substantial promotion of the Van Cleef Trademarks, the consuming public and trade have come to associate these marks uniquely and distinctly with Van Cleef and its high quality luxury goods and services.

196.    Subsequent to the Van Cleef Trademarks having become famous, Overstock has copied and has made overwhelming and pervasive use of the Van Cleef Trademarks on the Overstock Websites.  Overstock use of the Van Cleef Trademarks is likely to cause brand conscious consumers to lose interest in the Van Cleef Trademarks as they encounter the use of the Van Cleef Trademarks on the Overstock Website in connection with the sale of cheap imitations of authentic Van Cleef products using the terms "replica", "inspired", "copy" and/or "knock-off."

197.    Further, Overstock's extensive use of the Van Cleef Trademarks in its advertising and promotion of the jewelry products being offered for sale on the Overstock Website deceives consumers into believing that Overstock's jewelry and watch products are comparable to Van Cleef's jewelry and watch products in quality, design and value, when they are not.

198.    The aforementioned acts of Overstock has caused and is likely to continue to cause dilution of the Van Cleef Trademarks in violation of 15 U.S.C. § 1125(c).

199.    Upon information and belief, Defendants willfully intended to cause dilution of the Van Cleef Trademarks as aforesaid.

200.    Upon information and belief, Overstock intends to continue its willful acts, and will continue to act in bad faith, unless restrained by this Court.

37

201.    Overstock's acts have damaged and will continue to damage Van Cleef, and Van Cleef has no adequate remedy at law.

## VAN CLEEF'S SIXTH CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT

202.    The allegations set forth in paragraphs 1 through 13, 35 through 55, 92 through 101, and 170 through 201 hereof are adopted and incorporated by reference as if fully set forth herein.

203.    The Van Cleef Envol Copyrighted Design is an original and creative work of Van Cleef. As provided in the Berne Convention, Van Cleef is the owner of the Van Cleef Envol Copyrighted Design, which was obtained under French law and is recognized as copyrighted subject matter under U.S. Copyright Law.

204.    Products incorporating the Van Cleef Envol Copyrighted Design were first offered for sale in France. Such design is not "U.S. Works" within the meaning of 17 U.S.C. §§ 101 and 411(a) and no such copyright registration is required to maintain this action.

205.    Overstock, without authorization from Van Cleef, has distributed, advertised, promoted, sold and offered for sale jewelry products incorporating a design that was copied from and are substantially similar in overall appearance to the Van Cleef Envol Copyrighted Design. A chart depicting the Van Cleef Envol Copyrighted Design along with a photo of the Overstock jewelry design which Van Cleef alleges infringes the Van Cleef Envol Copyrighted Design is attached hereto as Exhibit S.

206.    Overstock thereby has willfully infringed and, upon information and belief, is continuing to willfully infringe the Van Cleef Envol Copyrighted Design.

207.    Upon information and belief, by its acts, Overstock has made and will make substantial profits and gains to which it is not in law or in equity entitled.

38

208.    Upon information and belief, Overstock intends to continue its willfully infringing acts, and will continue to willfully infringe the Van Cleef Envol Copyrighted Design and to act in bad faith, unless restrained by this Court.

209.    Overstock's acts have damaged and will continue to damage Van Cleef, and Van Cleef has no adequate remedy at law.

## VAN CLEEF'S SEVENTH CLAIM FOR RELIEF
## TRADE DRESS INFRINGEMENT

210.    The allegations set forth in paragraphs 1 through 13, 35 through 55, 92 through 101, and 170 through 209 hereof are adopted and incorporated by reference as if fully set forth herein.

211.    Each of the Van Cleef Trade Dress Designs is used in commerce, is non-functional, is inherently distinctive and has acquired secondary meaning as the indicator of Van Cleef as the exclusive source thereof.

212.    Overstock has distributed, advertised, promoted, sold and offered for sale, in commerce, jewelry designs consisting of or comprising designs that are confusingly similar to the Van Cleef Trade Dress Designs. A chart containing photos of each of Overstock's jewelry designs which Van Cleef alleges infringes on the Van Cleef Trade Dress Designs is attached hereto as Exhibit T.

213.    Overstock's aforesaid conduct is calculated to deceive, and is likely to deceive, consumers who recognize and associate the Van Cleef Trade Dress Designs with Van Cleef as the exclusive source thereof. Moreover, such conduct is likely to cause confusion, to cause mistake or to deceive consumers as to the source of Overstock's products, or as to a possible affiliation, connection or association of Overstock with Van Cleef and/or of the products being sold by Overstock with Van Cleef.

214.    Upon information and belief, by its acts, Overstock has made and will make substantial profits and gains to which it is not in law or in equity entitled.

215.    Upon information and belief, Overstock intends to continue its willfully infringing acts, and will continue to willfully infringe Van Cleef's rights and to act in bad faith, unless restrained by this Court.

216.    Overstock's acts have damaged and will continue to damage Van Cleef, and Van Cleef has no adequate remedy at law.

### VAN CLEEF'S EIGHTH CLAIM FOR RELIEF
### COMMON LAW TRADEMARK INFRINGEMENT

217.    The allegations set forth in paragraphs 1 through 13, 35 through 55, 92 through 101, and 170 through 216 hereof are adopted and incorporated by reference as if fully set forth herein.

218.    The conduct of Overstock as described herein constitutes common law trademark infringement under the common law of the State of New York.

219.    Overstock's acts have damaged and will continue to damage Van Cleef, and Van Cleef has no adequate remedy at law.

### VAN CLEEF'S NINTH CLAIM FOR RELIEF
### COMMON LAW UNFAIR COMPETITION

220.    The allegations set forth in paragraphs 1 through 13, 35 through 55, 92 through 101, and 170 through 219 hereof are adopted and incorporated by reference as if fully set forth herein.

221.    The conduct of Overstock as described herein constitutes common law unfair competition with Van Cleef under the common law of the State of New York.

222.    Overstock's acts have damaged and will continue to damage Van Cleef, and Van Cleef has no adequate remedy at law.

40

## VAN CLEEF'S TENTH CLAIM FOR RELIEF
## NEW YORK GENERAL BUSINESS LAW § 349

223.    The allegations set forth in paragraphs 1 through 13, 35 through 55, 92 through 101, and 170 through 222 hereof are adopted and incorporated by reference as if fully set forth herein.

224.    Through the deceptive acts described herein, Overstock has engaged in consumer-oriented conduct that has affected the public interest of New York and has resulted in injury to consumers and harm to the public in the State of New York, in particular, the payment by consumers of retail prices for Overstock's goods far in excess of their actual retail value.

225.    Upon information and belief, Overstock's acts and practices have deceived or have a tendency to deceive a material segment of the public to which Overstock has directed its marketing activities, and Van Cleef has been injured thereby.

226.    Upon information and belief, Overstock has willfully engaged in deceptive acts or practices in the conduct of its business in violation of § 349 of the General Business Law of the State of New York.

227.    Overstock's acts have damaged and will continue to damage Van Cleef, and Van Cleef has no adequate remedy at law.

## VAN CLEEF'S ELEVENTH CLAIM FOR RELIEF
## NEW YORK GENERAL BUSINESS LAW § 360-l

228.    The allegations set forth in paragraphs 1 through 13, 35 through 55, 92 through 101, and 170 through 227 hereof are adopted and incorporated by reference as if fully set forth herein.

229.    Overstock's activities as alleged above have created and continue to create a likelihood of injury to Van Cleef's public image and reputation for the provision and sale of high quality goods and services, and to dilute the distinctive quality of the Van Cleef Trademarks and

all rights held thereunder, in violation of § 360-l of the General Business Law of the State of New York.

230.    Upon information and belief, Overstock has willfully engaged in deceptive acts or practices in the conduct of its business in violation of § 360-l of the General Business Law of the State of New York.

231.    Overstock's acts have damaged and will continue to damage Van Cleef, and Van Cleef has no adequate remedy at law.

**GUCCI'S FIRST CLAIM FOR RELIEF**
**TRADEMARK INFRINGEMENT**

232.    The allegations set forth in paragraphs 1 through 13, 56 through 71, and 92 through 101 hereof are adopted and incorporated by reference as if fully set forth herein.

233.    By its acts alleged herein, Overstock has infringed, and continues to infringe, the GUCCI trademark, in violation of 15 U.S.C. § 1114.

234.    Overstock, by its pervasive use of the GUCCI trademark, has caused and is likely to continue to cause confusion, mistake and deception among the general consuming public and trade as to whether the Overstock Websites, or the products appearing thereon, originate from, or are affiliated with, sponsored by, or endorsed by Gucci.  A copy of pages printed off the <www.overstockjeweler.com> website depicting Overstock's pervasive use of the GUCCI trademark is attached hereto as Exhibit U.

235.    Overstock's unlawful actions have been entirely without Gucci's consent and have caused and are likely to continue to cause severe damage to Gucci.

236.    Upon information and belief, Overstock has been and/or is using the GUCCI trademark with full knowledge of and/or willful disregard for Gucci's exclusive rights in the GUCCI trademark.

42

237.    Overstock's conduct is intentionally willful, wanton, fraudulent, and malicious, and is undertaken with an intent to reap the benefit of Gucci's goodwill signified by the GUCCI trademark.

238.    Overstock's acts have damaged and will continue to damage Gucci, and Gucci has no adequate remedy at law.

## GUCCI'S SECOND CLAIM FOR RELIEF
## TRADEMARK INFRINGEMENT

239.    The allegations set forth in paragraphs 1 through 13, 56 through 71, 92 through 101, and 232 through 238 hereof are adopted and incorporated by reference as if fully set forth herein.

240.    By its acts alleged herein, Overstock has infringed, and continues to infringe, Gucci's stylized G trademark, in violation of 15 U.S.C. § 1114 and 15 U.S.C. § 1125(a).

241.    Overstock's infringing activities have caused and are likely to continue to cause confusion, mistake and deception among the general consuming public and trade as to whether the Overstock Websites, or the products appearing thereon, originate from, or are affiliated with, sponsored by, or endorsed by Gucci. A chart identifying Gucci's stylized G trademark and the respective Overstock item that infringes the Gucci stylized G trademark is attached hereto as Exhibit V.

242.    Overstock's unlawful actions have been entirely without Gucci's consent and have caused and are likely to continue to cause severe damage to Gucci.

243.    Upon information and belief, Overstock has been and/or is using Gucci's stylized G trademark with full knowledge of and/or willful disregard for Gucci's exclusive rights in the stylized G trademark.

43

244.    Overstock's conduct is intentionally willful, wanton, fraudulent, and malicious, and is undertaken with an intent to reap the benefit of Gucci's goodwill signified by Gucci's stylized G trademark.

245.    Overstock's acts have damaged and will continue to damage Gucci, and Gucci has no adequate remedy at law.

**GUCCI'S THIRD CLAIM FOR RELIEF**
**FALSE DESIGNATION OF ORIGIN**

246.    The allegations set forth in paragraphs 1 through 13, 56 through 71, 92 through 101, and 232 through 245 hereof are adopted and incorporated by reference as if fully set forth herein.

247.    Overstock's use of the Gucci Trademarks and other indicia as aforesaid is likely to cause consumers, the public, and the trade to visit the Overstock Websites, and to purchase products on those sites, believing that Gucci is the source of such sites and/or the products offered thereon, or that there is some association between Gucci and the Overstock Websites and/or the products offered thereon, or that Gucci has sponsored or authorized Overstock's aforementioned activities.

248.    As a result of the foregoing, Overstock has falsely designated the origin of the Gucci products offered on the Overstock Websites, all in violation of 15 U.S.C. §1125(a).

249.    Upon information and belief, Overstock intends to continue its willful acts, and to act in bad faith, unless restrained by this Court.

250.    Overstock's acts have damaged and will continue to damage Gucci, and Gucci has no adequate remedy at law.

## GUCCI'S FOURTH CLAIM FOR RELIEF
## FALSE DESIGNATION OF ORIGIN

251.    The allegations set forth in paragraphs 1 through 13, 56 through 71, 92 through 101, and 232 through 250 hereof are adopted and incorporated by reference as if fully set forth herein.

252.    The Horsebit Design is used in commerce, is non-functional, is inherently distinctive and has acquired secondary meaning as the indicator of Gucci as the exclusive source of products containing or incorporating such design.

253.    Overstock has distributed, advertised, promoted, sold and offered for sale, in commerce, jewelry designs which contain or incorporate designs that are confusingly similar to the Horsebit Design.

254.    Overstock's aforesaid conduct is calculated to deceive, and is likely to deceive, consumers who recognize and associate the Horsebit Design with Gucci as the exclusive source of products containing or incorporating such design.  Moreover, such conduct is likely to cause confusion, to cause mistake or to deceive consumers as to the source of Overstock's products which contain a confusingly similar copy or imitation of the Horsebit Design.  A chart containing photos of each of Overstock's jewelry designs which Gucci alleges contains a confusingly similar copy or imitation of the Horsebit Design is attached hereto as Exhibit W.

255.    As a result of the foregoing, Overstock has falsely designated the origin of the products offered on the Overstock Websites that contain copies or imitations of the Horsebit Design, all in violation of 15 U.S.C. §1125(a).

256.    Upon information and belief, Overstock intends to continue its willful acts, and to act in bad faith, unless restrained by this Court.

257.    Overstock's acts have damaged and will continue to damage Gucci, and Gucci has no adequate remedy at law.

## GUCCI'S FIFTH CLAIM FOR RELIEF
## FALSE ADVERTISING

258.    The allegations set forth in paragraphs 1 through 13, 56 through 71, 92 through 101, and 232 through 257 hereof are adopted and incorporated by reference as if fully set forth herein.

259.    Overstock's overwhelming and pervasive use of the Gucci Trademarks and other indicia in its advertising and promotion of the jewelry and watch products being offered for sale on the Overstock Website deceives consumers into believing that Overstock's jewelry and watch products are comparable to Gucci's jewelry and watch products in quality, design and value, when they are not.

260.    The aforementioned acts of Overstock constitute the making of intentionally false or misleading representations of fact in interstate commerce, all in violation of 15 U.S.C. §1125(a).

261.    Upon information and belief, Overstock intends to continue its willful acts, and will continue to act in bad faith, unless restrained by this Court.

262.    Overstock's acts have damaged and will continue to damage Gucci, and Gucci has no adequate remedy at law.

## GUCCI'S SIXTH CLAIM FOR RELIEF
## TRADEMARK DILUTION

263.    The allegations set forth in paragraphs 1 through 13, 56 through 71, 92 through 101, and 232 through 262 hereof are adopted and incorporated by reference as if fully set forth herein.

46

264.    The Gucci Trademarks are distinctive and famous.  The Gucci Trademarks have been routinely used by Gucci in connection with the promotion and sale of its products, both nationally and internationally, and, as a result of the extensive and substantial promotion of the Gucci Trademarks, the consuming public and trade have come to associate this mark uniquely and distinctly with Gucci and its high quality luxury goods and services.

265.    Subsequent to the Gucci Trademarks having become famous, Overstock has copied and has made overwhelming and pervasive use of the Gucci Trademarks on the Overstock Websites.  Overstock use of the Gucci Trademarks is likely to cause brand conscious consumers to lose interest in the Gucci Trademarks as they encounter the use of the Gucci Trademarks on the Overstock Website in connection with the sale of cheap imitations of authentic Gucci products using the terms "replica", "inspired", "copy" and/or "knock-off."

266.    Further, Overstock's extensive use of the Gucci Trademarks in its advertising and promotion of the jewelry and watch products being offered for sale on the Overstock Website deceives consumers into believing that Overstock's jewelry and watch products are comparable to Gucci's jewelry and watch products in quality, design and value, when they are not.

267.    The aforementioned acts of Overstock has caused and is likely to continue to cause dilution of the Gucci Trademarks in violation of 15 U.S.C. § 1125(c).

268.    Upon information and belief, Defendants willfully intended to cause dilution of the Gucci Trademarks as aforesaid.

269.    Upon information and belief, Overstock intends to continue its willful acts, and will continue to act in bad faith, unless restrained by this Court.

270.    Overstock's acts have damaged and will continue to damage Gucci, and Gucci has no adequate remedy at law.

47

## GUCCI'S SEVENTH CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT

271.    The allegations set forth in paragraphs 1 through 13, 56 through 71, 92 through 101, and 232 through 270 hereof are adopted and incorporated by reference as if fully set forth herein.

272.    Gucci is the owner of U.S. copyright registrations for the original and distinctive designs contained in the Gucci Fall/Winter 2005 Jewelry Collection (U.S. Copyright Registration No. VA-1-375-802) and the Gucci Spring/Summer 2007 Jewelry Collection (U.S. Copyright Registration No. VA-1-395-947).

273.    Overstock, without authorization from Gucci, has distributed, advertised, promoted, sold and offered for sale jewelry products incorporating designs that were copied from and are substantially similar in overall appearance to certain of the Gucci Copyrighted Designs contained in the Gucci Fall/Winter 2005 Jewelry Collection and the Gucci Spring/Summer 2007 Jewelry Collection.

274.    A chart depicting certain of the Gucci items covered by the Gucci Copyrighted Designs along with photos of the Overstock jewelry designs which Gucci alleges infringe those particular items is attached hereto as Exhibit X.

275.    Overstock thereby has willfully infringed and, upon information and belief, is continuing to willfully infringe Gucci's copyright registration for certain of the original and distinctive Gucci designs contained in the Gucci Fall/Winter 2005 Jewelry Collection and the Gucci Spring/Summer 2007 Jewelry Collection.

276.    Upon information and belief, by its acts, Overstock has made and will make substantial profits and gains to which it is not in law or in equity entitled.

277.    Upon information and belief, Overstock intends to continue its willfully infringing acts, and will continue to willfully infringe Gucci's copyrights and to act in bad faith, unless restrained by this Court.

278.    Overstock's acts have damaged and will continue to damage Gucci, and Gucci has no adequate remedy at law.

### GUCCI'S EIGHTH CLAIM FOR RELIEF
### COMMON LAW TRADEMARK INFRINGEMENT

279.    The allegations set forth in paragraphs 1 through 13, 56 through 71, 92 through 101, and 232 through 278 hereof are adopted and incorporated by reference as if fully set forth herein.

280.    The conduct of Overstock as described herein constitutes common law trademark infringement under the common law of the State of New York.

281.    Overstock's acts have damaged and will continue to damage Gucci, and Gucci has no adequate remedy at law.

### GUCCI'S NINTH CLAIM FOR RELIEF
### COMMON LAW UNFAIR COMPETITION

282.    The allegations set forth in paragraphs 1 through 13, 56 through 71, 92 through 101, and 232 through 281 hereof are adopted and incorporated by reference as if fully set forth herein.

283.    The conduct of Overstock as described herein constitutes common law unfair competition with Gucci under the common law of the State of New York.

284.    Overstock's acts have damaged and will continue to damage Gucci, and Gucci has no adequate remedy at law.

## GUCCI'S TENTH CLAIM FOR RELIEF
## NEW YORK GENERAL BUSINESS LAW § 349

285.    The allegations set forth in paragraphs 1 through 13, 56 through 71, 92 through 101, and 232 through 284 hereof are adopted and incorporated by reference as if fully set forth herein.

286.    Through the deceptive acts described herein, Overstock has engaged in consumer-oriented conduct that has affected the public interest of New York and has resulted in injury to consumers and harm to the public in the State of New York, in particular, the payment by consumers of retail prices for Overstock's goods far in excess of their actual retail value.

287.    Upon information and belief, Overstock's acts and practices have deceived or have a tendency to deceive a material segment of the public to which Overstock has directed its marketing activities, and Gucci has been injured thereby.

288.    Upon information and belief, Overstock has willfully engaged in deceptive acts or practices in the conduct of its business in violation of § 349 of the General Business Law of the State of New York.

289.    Overstock's acts have damaged and will continue to damage Gucci, and Gucci has no adequate remedy at law.

## GUCCI'S ELEVENTH CLAIM FOR RELIEF
## NEW YORK GENERAL BUSINESS LAW § 360-l

290.    The allegations set forth in paragraphs 1 through 13, 56 through 71, 92 through 101, and 232 through 289 hereof are adopted and incorporated by reference as if fully set forth herein.

291.    Overstock's activities as alleged above have created and continue to create a likelihood of injury to Gucci's public image and reputation for the provision and sale of high quality goods and services, and to dilute the distinctive quality of the Gucci Trademarks and all

rights held thereunder, in violation of § 360-1 of the General Business Law of the State of New York.

292.    Upon information and belief, Overstock has willfully engaged in deceptive acts or practices in the conduct of its business in violation of § 360-1 of the General Business Law of the State of New York.

293.    Overstock's acts have damaged and will continue to damage Gucci, and Gucci has no adequate remedy at law.

**BULGARI'S FIRST CLAIM FOR RELIEF**
**TRADEMARK INFRINGEMENT**

294.    The allegations set forth in paragraphs 1 through 13 and 72 through 101 hereof are adopted and incorporated by reference as if fully set forth herein.

295.    By its acts alleged herein, Overstock has infringed, and continues to infringe, the BVLGARI House Marks, in violation of 15 U.S.C. § 1114.

296.    Overstock, by its pervasive use of the BVLGARI House Marks, has caused and is likely to continue to cause confusion, mistake and deception among the general consuming public and trade as to whether the Overstock Websites, or the products appearing thereon, originate from, or are affiliated with, sponsored by, or endorsed by Bulgari.  A copy of pages printed off the <www.overstockjeweler.com> website depicting Overstock's use of the BVLGARI House Marks is attached hereto as Exhibit Y.

297.    Overstock's unlawful actions have been entirely without Bulgari's consent and have caused and are likely to continue to cause irreparable damage to Bulgari.

298.    Upon information and belief, Overstock has been and/or is using the BVLGARI House Marks with full knowledge of and/or willful disregard for Bulgari's exclusive rights in the BVLGARI House Marks.

299.    Overstock's conduct is intentionally willful, wanton, fraudulent, and malicious, and is undertaken with an intent to reap the benefit of Bulgari's goodwill signified by the BVLGARI House Marks.

300.    Overstock's acts have damaged and will continue to damage Bulgari, and Bulgari has no adequate remedy at law.

**BULGARI'S SECOND CLAIM FOR RELIEF**
**TRADEMARK INFRINGEMENT**

301.    The allegations set forth in paragraphs 1 through 13, 72 through 101, and 294 through 300 hereof are adopted and incorporated by reference as if fully set forth herein.

302.    By its acts alleged herein, Overstock has infringed, and continues to infringe, the Bulgari Product Marks, in violation of 15 U.S.C. § 1114.

303.    Overstock's infringing activities have caused and are likely to continue to cause confusion, mistake and deception among the general consuming public and trade as to whether the Overstock Websites, or the products appearing thereon, originate from, or are affiliated withy, sponsored by, or endorsed by Bulgari.  A chart identifying the Bulgari Product Marks and the corresponding Overstock items and item descriptions that infringe the Bulgari Product Marks is attached hereto as Exhibit Z.

304.    Overstock's unlawful actions have been entirely without Bulgari's consent and have caused and are likely to continue to cause irreparable damage to Bulgari.

305.    Upon information and belief, Overstock has been and/or is using the Bulgari Product Marks with full knowledge of and/or willful disregard for Bulgari's exclusive rights in the Bulgari Product Marks.

306.     Overstock's conduct is intentionally willful, wanton, fraudulent, and malicious, and is undertaken with an intent to reap the benefit of Bulgari's goodwill signified by the Bulgari Product Marks.

307.     Overstock's acts have damaged and will continue to damage Bulgari, and Bulgari has no adequate remedy at law.

## BULGARI'S THIRD CLAIM FOR RELIEF
## FALSE DESIGNATION OF ORIGIN

308.     The allegations set forth in paragraphs 1 through 13, 72 through 101, and 294 through 307 hereof are adopted and incorporated by reference as if fully set forth herein.

309.     Overstock's use of the Bulgari Trademarks and other indicia as aforesaid is likely to cause consumers, the public, and the trade to visit the Overstock Websites, and to purchase products on those sites, believing that Bulgari is the source of such sites and/or the products offered thereon, or that there is some association between Bulgari and the Overstock Websites and/or the products offered thereon, or that Bulgari has sponsored or authorized Overstock's aforementioned activities.

310.     As a result of the foregoing, Overstock has falsely designated the origin of the Bulgari products offered on the Overstock Websites, all in violation of 15 U.S.C. §1125(a).

311.     Upon information and belief, Overstock intends to continue its willful acts, and to act in bad faith, unless restrained by this Court.

312.     Overstock's acts have damaged and will continue to damage Bulgari, and Bulgari has no adequate remedy at law.

## BULGARI'S FOURTH CLAIM FOR RELIEF
## FALSE ADVERTISING

313.     The allegations set forth in 1 through 13, 72 through 101, and 294 through 312 hereof are adopted and incorporated by reference as if fully set forth herein.

53

314.     Overstock's overwhelming and pervasive use of the Bulgari Trademarks and other indicia in its advertising and promotion of the jewelry and watch products being offered for sale on the Overstock Website deceives consumers into believing that Overstock's jewelry and watch products are comparable to Bulgari's jewelry and watch products in quality, design and value, when they are not.

315.     The aforementioned acts of Overstock constitute the making of intentionally false or misleading representations of fact in interstate commerce, all in violation of 15 U.S.C. §1125(a).

316.     Upon information and belief, Overstock intends to continue its willful acts, and will continue to act in bad faith, unless restrained by this Court.

317.     Overstock's acts have damaged and will continue to damage Bulgari, and Bulgari has no adequate remedy at law.

## BULGARI'S FIFTH CLAIM FOR RELIEF
## TRADEMARK DILUTION

318.     The allegations set forth in paragraphs 1 through 13, 72 through 101, and 294 through 317 hereof are adopted and incorporated by reference as if fully set forth herein.

319.     The BVLGARI House Marks are distinctive and famous.  The BVLGARI House Marks have been routinely used by Bulgari in connection with the promotion and sale of its products, both nationally and internationally and, as a result of the extensive and substantial promotion of the BVLGARI House Marks, the consuming public and trade have come to associate these marks uniquely and distinctly with Bulgari and its high quality luxury goods and services.

320.     Subsequent to the BVLGARI House Marks having become famous, Overstock has copied and has made overwhelming and pervasive use of the BVLGARI House Marks on the

Overstock Websites. Overstock's use of the BVLGARI House Marks is likely to cause brand conscious consumers to lose interest in the BVLGARI House Marks as they encounter the use of the BVLGARI House Marks on the Overstock Website in connection with the sale of cheap imitations of authentic Bulgari products using the terms "replica", "inspired", "copy" and/or "knock-off."

321.    Further, Overstock's extensive use of the BVLGARI House Marks in its advertising and promotion of the jewelry and watch products being offered for sale on the Overstock Website deceives consumers into believing that Overstock's jewelry and watch products are comparable to Bulgari's jewelry and watch products in quality, design and value, when they are not.

322.    The aforementioned acts of Overstock has caused and is likely to continue to cause dilution of the BVLGARI House Marks in violation of 15 U.S.C. § 1125(c).

323.    Upon information and belief, Defendants willfully intended to cause dilution of the BVLGARI House Marks as aforesaid.

324.    Upon information and belief, Overstock intends to continue its willful acts, and will continue to act in bad faith, unless restrained by this Court.

325.    Overstock's acts have damaged and will continue to damage Bulgari, and Bulgari has no adequate remedy at law.

## BULGARI'S SIXTH CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT

326.    The allegations set forth in paragraphs 1 through 13, 72 through 101, and 294 through 325 hereof are adopted and incorporated by reference as if fully set forth herein.

327.    Overstock, without authorization from Bulgari, has distributed, advertised, promoted, sold and offered for sale jewelry products incorporating designs that were copied from

55

and are substantially similar in overall appearance to certain of the Bulgari Copyrighted Designs contained in the foregoing catalogs.

328.    A chart depicting certain of the Bulgari items covered by the Bulgari Copyrighted Designs along with photos of the Overstock jewelry designs which Bulgari alleges infringe those particular items is attached hereto as Exhibit AA.

329.    Overstock thereby has willfully infringed and, upon information and belief, is continuing to willfully infringe Bulgari's copyright registration for certain of the original and distinctive Bulgari designs contained in the foregoing catalogs.

330.    Upon information and belief, by its acts, Overstock has made and will make substantial profits and gains to which it is not in law or in equity entitled.

331.    Upon information and belief, Overstock intends to continue its willfully infringing acts, and will continue to willfully infringe Bulgari's copyrights and to act in bad faith, unless restrained by this Court.

332.    Overstock's acts have damaged and will continue to damage Bulgari, and Bulgari has no adequate remedy at law.

## BULGARI'S SEVENTH CLAIM FOR RELIEF
## DESIGN PATENT INFRINGEMENT

333.    The allegations set forth in paragraphs 1 through 13, 72 through 101, and 294 through 332 hereof are adopted and incorporated by reference as if fully set forth herein.

334.    Overstock, without authorization from Bulgari, has distributed, advertised, promoted, sold and offered for sale jewelry and watches that are studied imitations of and are substantially similar in overall appearance to U.S. Design Patent Nos. D338,629, D434,688 and D545,716.  A chart depicting photos of Overstock's jewelry designs that Bulgari alleges infringe the Bulgari Design Patents is attached hereto as Exhibit BB.

335.    Upon information and belief, Overstock has had actual or constructive knowledge of the Bulgari Design Patents, and has willfully distributed, advertised, promoted, sold and offered for sale jewelry embodying the designs protected by U.S. Design Patent Nos. D338,629, D434,688 and D545,716.

336.    Upon information and belief, by its acts, Overstock has made and will make substantial profits and gains to which it is not in law or in equity entitled.

337.    Upon information and belief, Overstock intends to continue its willfully infringing acts, and will continue to willfully infringe Bulgari's rights and to act in bad faith, unless restrained by this Court.

338.    Overstock's acts have damaged and will continue to damage Bulgari, and Bulgari has no adequate remedy at law.

## BULGARI'S EIGHTH CLAIM FOR RELIEF
## COMMON LAW TRADEMARK INFRINGEMENT

339.    The allegations set forth in paragraphs 1 through 13, 72 through 101, and 294 through 338 hereof are adopted and incorporated by reference as if fully set forth herein.

340.    The conduct of Overstock as described herein constitutes common law trademark infringement under the common law of the State of New York.

341.    Overstock's acts have damaged and will continue to damage Bulgari, and Bulgari has no adequate remedy at law.

## BULGARI'S NINTH CLAIM FOR RELIEF
## COMMON LAW UNFAIR COMPETITION

342.    The allegations set forth in paragraphs 1 through 13, 72 through 101, and 294 through 341 hereof are adopted and incorporated by reference as if fully set forth herein.

343.    The conduct of Overstock as described herein constitutes common law unfair competition with Bulgari under the common law of the State of New York.

344.    Overstock's acts have damaged and will continue to damage Bulgari, and Bulgari has no adequate remedy at law.

## BULGARI'S TENTH CLAIM FOR RELIEF
## NEW YORK GENERAL BUSINESS LAW § 349

345.    The allegations set forth in paragraphs 1 through 13, 72 through 101, and 294 through 344 hereof are adopted and incorporated by reference as if fully set forth herein.

346.    Through the deceptive acts described herein, Overstock has engaged in consumer-oriented conduct that has affected the public interest of New York and has resulted in injury to consumers and harm to the public in the State of New York, in particular, the payment by consumers of retail prices for Overstock's goods far in excess of their actual retail value.

347.    Upon information and belief, Overstock's acts and practices have deceived or have a tendency to deceive a material segment of the public to which Overstock has directed its marketing activities, and Bulgari has been injured thereby.

348.    Upon information and belief, Overstock has willfully engaged in deceptive acts or practices in the conduct of its business in violation of § 349 of the General Business Law of the State of New York.

349.    Overstock's acts have damaged and will continue to damage Bulgari, and Bulgari has no adequate remedy at law.

## BULGARI'S ELEVENTH CLAIM FOR RELIEF
## NEW YORK GENERAL BUSINESS LAW § 360-l

350.    The allegations set forth in paragraphs 1 through 13, 72 through 101, and 294 through 349 hereof are adopted and incorporated by reference as if fully set forth herein.

351.    Overstock's activities as alleged above have created and continue to create a likelihood of injury to Bulgari's public image and reputation for the provision and sale of high quality goods and services, and to dilute the distinctive quality of the BVLGARI House Marks

58

and all rights held thereunder, in violation of § 360-l of the General Business Law of the State of New York.

352.    Upon information and belief, Overstock has willfully engaged in deceptive acts or practices in the conduct of its business in violation of § 360-l of the General Business Law of the State of New York.

353.    Overstock's acts have damaged and will continue to damage Bulgari, and Bulgari has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment against Overstock as follows:

1.    That Overstock and all of those acting in concert with it, including its agents and servants, be permanently enjoined from manufacturing, vending, importing, distributing, selling, promoting or advertising any item being a copy, reproduction, and/or colorable imitation of the Cartier Trademarks, the Van Cleef Trademarks and the Alhambra Design, the Gucci Trademarks and the Horsebit Design, the Bulgari Trademarks and/or the Van Cleef Trade Dress Designs, or any product whose design infringes the Cartier Design Patents, the Bulgari Design Patents or is substantially similar to the designs protected by the Cartier Copyrighted Designs, the Van Cleef Envol Copyrighted Design, the Gucci Copyrighted Designs, or the Bulgari Copyrighted Designs, including any other designs or products of Overstock.

2.    That Overstock and all of those acting in concert with it, including its agents and servants, be permanently enjoined from (1) using in any way any of the Cartier Trademarks, the Van Cleef Trademarks and the Alhambra Design, the Gucci Trademarks and the Horsebit Design, or the Bulgari Trademarks; (2) infringing the Cartier Copyrighted Designs, the Van Cleef Envol Copyrighted Design, the Gucci Copyrighted Designs, or the Bulgari Copyrighted Designs; (3) infringing any of the Van Cleef Trade Dress Designs; (4) infringing the Cartier

59

Design Patents or the Bulgari Design Patents or any other Cartier or Bulgari designs that are the subject of a design patent; (5) from unfairly competing with Cartier, Van Cleef, Gucci or Bulgari in any manner; (6) from engaging in false advertising; and (7) from engaging in deceptive conduct causing harm to the public.

3.    That Overstock be required to recall all infringing items and advertising and promotional materials, and thereafter to deliver up for destruction all infringing designs, artwork, packaging, advertising and promotional materials, and any means of making such infringing items.

4.    That Overstock be directed to file with the Court and serve upon Cartier, Van Cleef, Gucci and Bulgari, respectively, within thirty (30) days after service of the judgment upon Overstock, a written report under oath setting forth in detail the manner in which Overstock has complied with the requirements set forth above in paragraphs 1 through 3.

5.    That Overstock be directed to account to Cartier, Van Cleef, Gucci and Bulgari, respectively, for all gains, profits and advantages derived from Overstock's wrongful acts.

6.    That Overstock pay to Cartier, Van Cleef, Gucci and Bulgari, respectively, any damages sustained by Cartier, Van Cleef, Gucci and Bulgari, respectively, by reason of the Overstock's purposefully wrongful acts, together with interest thereon.

7.    That Cartier, Van Cleef, Gucci and Bulgari, respectively, be awarded statutory damages and reasonable attorneys' fees under 17 U.S.C. §§ 504 and 505.

8.    That Cartier, Van Cleef, Gucci and Bulgari, respectively, be awarded its costs and attorneys' fees and investigatory fees and expenses to the full extent provided for by 15 U.S.C. § 1117.

9.      That Overstock pay as damage for its conduct alleged herein a sum equal to three times the amount of the actual damages suffered by Cartier, Van Cleef, Gucci and Bulgari, respectively.

10.     That Overstock pay to Cartier, Van Cleef, Gucci and Bulgari, respectively, the costs and disbursements of this action.

11.     That Cartier, Van Cleef, Gucci and Bulgari, respectively, be awarded pre-judgment interest on its judgment.

12.     That Cartier, Van Cleef, Gucci and Bulgari, respectively, be awarded such additional and further relief as the Court deems just and proper.

Dated: New York, New York
        October 2, 2007

                                    ARNOLD AND PORTER LLP


                         By:    _Louis S. Ederer_
                                    Louis S. Ederer
                                    John Maltbie
                                    Matthew T. Salzmann
                                    399 Park Avenue
                                    New York, New York 10022
                                    (212) 715-1000

                                    *Attorneys for Plaintiffs*