UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x

YURMAN STUDIO, INC. and YURMAN
DESIGN, INC.,

    Plaintiffs/Counter-Defendants,

- against -

ELENA CASTANEDA and EJEWELER LLC
d/b/a OVERSTOCKJEWELER.COM,

    Defendants/Counter-Plaintiffs.

Civil Action No. 07-1241 (SAS)(HP)
(Action No. 1)

------------------------------------------------------------- x
------------------------------------------------------------- x

CARTIER, a division of RICHEMONT NORTH
AMERICA, INC., CARTIER INTERNATIONAL,
N.V., CARTIER CREATION STUDIO, S.A., VAN
CLEEF & ARPELS S.A., VAN CLEEF &
ARPELS, INC., VAN CLEEF & ARPELS
DISTRIBUTION, INC., GUCCI AMERICA, INC.,
and BULGARI S.p.A.,

    Plaintiffs,

- against -

ELENA CASTANEDA and EJEWELER LLC
d/b/a OVERSTOCKJEWELER.COM,

    Defendants.

Civil Action No. 07-7862 (SAS)(HP)
(Action No. 2)

------------------------------------------------------------- x

**DECLARATION OF DAVID YURMAN IN SUPPORT OF
YURMAN STUDIO, INC.'S AND YURMAN DESIGN, INC.'S
<u>MOTION FOR PARTIAL SUMMARY JUDGMENT</u>**

# EXHIBIT N

```
 1  ------------------------------------x
                                             Case No.
 2  CARTIER, a divison of RICHEMONT NORTH    07-7862
    AMERICA, INC., CARTIER INTERNATIONAL,    (SAS/HP)
 3  N.V., CARTIER CREATION STUDIO, S.A.,
    VAN CLEEF & ARPELS S.A., VAN CLEEF &
 4  ARPELS, INC., VAN CLEEF & ARPELS
    DISTRIBUTION, INC., GUCCI AMERICA, INC.,
 5  and BULGARI S.p.A.,
 6                      Plaintiffs,
 7      - against -
 8  ELENA CASTANEDA and EJEWELER LLC d/b/a
    OVERSTOCKJEWELER.COM,
 9
                        Defendants.
10  ------------------------------------x
11
12
13
            CONTINUED DEPOSITION of ELENA CASTANEDA,
14
    Defendant/Counter-Plaintiff and Defendant in the
15
    above entitled mater, taken pursuant to Notice
16
    and Order, before a Notary Public within and for
17
    the State of New York.
18
19
20
21
22
23
24
25  RAYVID REPORTING SERVICE, INC.    (212) 599-3642
```

ELENA CASTANEDA

A    No.

MR. ZARIN: For the record, when the witness was making those comments, she was looking at Page 2 of the exhibit and flipping back to the second to last page of the exhibit to review the images.

MR. EDERER: I would like to mark for identification as deposition Exhibit 24 the following document.

(The above described document was marked Plaintiffs' Exhibit 24 for identification, as of this date.)

Q    Do you have Exhibit 24 in front of you, Ms. Castaneda?

A    I do.

Q    Turn to the second page of the exhibit.

A    I am.

Q    First of all, do you recognize the second page of this exhibit as a page from your website?

A    I do.

Q    And as you'll note, this page was printed out on 2/15/2007, as indicated in the lower right-hand corner.

```
                    ELENA CASTANEDA
1
2              Do you see that?
3       A      Correct.
4       Q      The heading for this item is "David
5  Yurman Jewelry Inspired Knockoff Renaissance Diamond
6  CZ Pendant."
7              Do you see that?
8       A      Correct.
9       Q      What do you mean by the word
10 "knockoff"?
11      A      I answered this question yesterday,
12 about six times.
13      Q      In respect to this item, what did you
14 mean by "knockoff"?
15      A      It has similar elements, it's inspired
16 by the designer.
17      Q      Similar elements to what, to a
18 particular item of the designer?
19      A      Correct.
20      Q      Which item?  Would it be the item that
21 appears on the first page of the exhibit?
22      A      Yes.
23      Q      At the time that you put this item up
24 on your website, did you know that it had similar
25 elements to the particular item that appears on the
```

```
 1                    ELENA CASTANEDA
 2   first page of that exhibit?
 3              MR. ZARIN:  Objection.  Once again,
 4       when you say "you," do you mean Ms. Castaneda
 5       or Ejeweler?
 6              MR. EDERER:  Either.
 7              MR. ZARIN:  Specify when you use the
 8       word "you," which entity or individual you're
 9       referring to.
10              MR. EDERER:  You can't tell me how to
11       conduct my deposition.  You can object any
12       time you want.
13        A     I really don't know how to answer that
14   question.  I'm assuming that my staff was familiar.
15   This looks like a Victor Zann piece.
16        Q     You're saying that you, personally,
17   were not familiar with the fact that this item that
18   we're looking at on the second page of this exhibit
19   had any similarity to the item that appears on the
20   first page of the exhibit?
21        A     Me, personally, no, I wouldn't have put
22   that as a Yurman piece.
23        Q     You wouldn't put this as a Yurman
24   piece?
25        A     It's not familiar to me as a Yurman
```

```
 1                    ELENA CASTANEDA
 2   piece, but apparently it is, and they must have been
 3   aware.
 4        Q    Who is "they"?
 5        A    My buyer must have been aware.
 6        Q    Your buyer at the time on February 15,
 7   2007 was who?
 8        A    Alice, Alice has always been my buyer.
 9        Q    The description of this item says "This
10   pendant is an imitation of the David Yurman famous
11   linked renaissance collection."
12             Do you see that?
13        A    I do.
14        Q    Do you know how that description came
15   to find its way onto your website for this item?
16        A    It was written, you know, by my staff.
17        Q    You had no idea that this was on there
18   at the time it was put on there.
19             Is that your testimony?
20        A    No, I did.
21        Q    Did you approve of that copy?
22        A    I don't approve of all the copy, no.
23        Q    Did you approve of this copy?
24        A    No.
25        Q    Who wrote that copy?
```

ELENA CASTANEDA

A   February, that copy could have been a number of people. I'd have to look it up in my records to see who was working for me at that time.

Q   Going further down to the description it says, "The original piece retails for thousands of dollars and now you can get it for a fraction of the cost."

Do you see that?

A   Um-hum.

Q   The third to last sentence of the description.

A   Yes, I see it.

Q   What "original piece" is being referred to there?

A   I'm assuming this piece here on the front.

Q   So, would it be your testimony then that at the time that your company put up this description, it was aware of the fact that there was a David Yurman piece that it was referring to as the original piece?

A   I'm assuming that they -- yes, the answer is yes.

Q   But you certainly weren't aware,