**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x

YURMAN STUDIO, INC. and YURMAN DESIGN, INC.,

      Plaintiffs/Counter-Defendants,

- against -

ELENA CASTANEDA and EJEWELER LLC d/b/a OVERSTOCKJEWELER.COM,

      Defendants/Counter-Plaintiffs.

------------------------------------------------------------ x

Civil Action No. 07-1241 (SAS)(HP)
(Action No. 1)

------------------------------------------------------------ x

CARTIER, a division of RICHEMONT NORTH AMERICA, INC., CARTIER INTERNATIONAL, N.V., CARTIER CREATION STUDIO, S.A., VAN CLEEF & ARPELS S.A., VAN CLEEF & ARPELS, INC., VAN CLEEF & ARPELS DISTRIBUTION, INC., GUCCI AMERICA, INC., and BULGARI S.p.A.,

      Plaintiffs,

- against -

ELENA CASTANEDA and EJEWELER LLC d/b/a OVERSTOCKJEWELER.COM,

      Defendants.

------------------------------------------------------------ x

Civil Action No. 07-7862 (SAS)(HP)
(Action No. 2)

**DECLARATION OF BHARAT DUBE, ESQ. IN SUPPORT OF THE CARTIER PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

BHARAT DUBE, pursuant to 28 U.S.C. §1746, declares under penalty of perjury that the following is true and correct to the best of his knowledge:

    1.    I am Senior Counsel and Chief of Intellectual Property Enforcement for Richemont International, S.A. I lead a group which is responsible for the worldwide

1

enforcement of intellectual property rights of the Richemont brands, including the CARTIER brand. I submit this declaration in support of the Cartier plaintiffs' motion for partial summary judgment.

**THE CARTIER BUSINESSES AND THE WORLD FAMOUS CARTIER BRAND**

2.  Plaintiff Cartier International, N.V. ("Cartier International") is a Netherlands Antilles corporation, which owns all trademark rights and registrations used in the Cartier business.

3.  Plaintiff Cartier, a division of Richemont North America, Inc. ("Cartier NA"), is a Delaware corporation and the exclusive licensee of such trademark rights in the United States.

4.  Plaintiff Cartier Creation Studio, S.A. is a Swiss corporation, which owns all design patents used in the Cartier business (hereinafter, Cartier NA, Cartier International and Cartier Creation Studio, S.A. are referred to collectively as "Cartier").

5.  Cartier is a world famous supplier of fine jewelry and luxury watches sold under the CARTIER brand name.

6.  In 1847, master jeweler Louis Francois Cartier founded the House of Cartier in Paris, France. Since as early as 1847, Cartier and its predecessors-in-interest and associated companies have been utilizing the CARTIER brand name, trademarks, and designs in connection with the advertising, promotion and sale of fine jewelry and luxury watches around the world.

7.  Since 1909, the CARTIER brand name, trademarks, and designs have been used in connection with the advertising, promotion and sale of fine jewelry and luxury watches in the United States and the State of New York, including at its internationally famous retail store located on Fifth Avenue in New York City.

8.  Cartier jewelry and watches have distinctive and original designs, design elements

2

and features that have become synonymous with Cartier in the eyes of the general public, consumers of Cartier products and the luxury goods industry.

9.  Cartier products are marketed to fashion-conscious consumers and are sold only in Cartier-owned stores, at authorized specialty retail stores, in authorized high-end department stores, and through Cartier's own website. Cartier jewelry and watches are world-acclaimed and regarded as a global symbol of fashion, luxury and prosperity.

**CARTIER'S VALUABLE INTELLECTUAL PROPERTY RIGHTS**

10.  Cartier diligently protects and enforces its most important assets, its intellectual property rights. Cartier has registered numerous trademarks for the CARTIER brand name, as well as various collection and design marks used to identify the jewelry and watch products that it markets and sells, in the United States Patent and Trademark Office ("USPTO"). Cartier has also obtained several design patents from the USPTO covering various novel and non-functional ornamental designs incorporated into certain of its unique and innovative jewelry and watch designs. Moreover, Cartier has registered copyrights in many of its unique and innovative jewelry designs in the United States Copyright Office.

11.  In addition to the world famous CARTIER house mark, Cartier owns, and has registered and/or applied to register, additional well-known trademarks (both word marks and design marks) used to identify the source of the jewelry and watch designs that it sells. The following chart depicts certain of the well-known designs that Cartier has registered as a trademark with the USPTO (collectively, the "Cartier Design Marks"):

| U.S. Trademark Reg. No. | Mark | Type & Class of Goods | Date of Registration | Registered Owner |
|---|---|---|---|---|
| 1,372,423 | [bracelet design] | Bracelets (14) | November 26, 1985 | Cartier International |

3

| U.S. Trademark Reg. No. | Mark | Type & Class of Goods | Date of Registration | Registered Owner |
|---|---|---|---|---|
| 2,322,769 | | Watches and Jewelry (14) | February 29, 2000 | Cartier International |
| 2,436,100 | | Chronometers, Watches and Clocks (14) | March 20, 2001 | Cartier International |
| 3,162,410 | | Jewelry, namely, bracelets, watches, rings, charms, earrings, dog tag type pendants, cuff links, belt buckles made of precious metal (14) | October 24, 2006 | Cartier International |
| 3,282,847 | | Horologic and chronometric instruments, namely, watches (14) | August 21, 2007 | Cartier International |
| 3,282,846 | | Horologic and chronometric instruments, namely, watches (14) | August 21, 2007 | Cartier International |
| Serial No. 79037955 | | Cuff-links, tie clips, rings, bracelets, earrings, necklaces, brooches, watches, chronometers, clocks, watch straps, watch bracelets and boxes of precious metal for watches and jewelry (14) | June 30, 2006 (filing date) | Cartier International |

12. Each of the Cartier Design Marks have continually been used in commerce since their respective registrations and/or applications. Further, each has been determined by the USPTO to have demonstrated the requisite secondary meaning needed to achieve registration, that is, each design has been determined to indicate to consumers that Cartier is the source of products bearing or incorporating such designs. This determination is not surprising, as the Cartier Design Marks correspond to some of Cartier's most well-known collections, including the TANK and PASHA collections.

4

13. The following chart depicts certain of the design patents that the USPTO issued to Cartier for its novel and non-functional ornamental jewelry and watch designs (collectively, the "Cartier Design Patents"):

| U.S. Patent No. | Claim | Drawing | Date of Patent | Registered Owner |
|---|---|---|---|---|
| D388,332 | The ornamental design for a combined watch bracelet | | December 30, 1997 | Cartier Creation Studio, S.A. |
| D424,967 | The ornamental design for a ring | | May 16, 2000 | Cartier Creation Studio, S.A. |
| D538,194 | The ornamental design for a ring | | March 13, 2007 | Cartier Creation Studio, S.A. |
| D543,130 | The ornamental design for a pendant | | May 22, 2007 | Cartier Creation Studio, S.A. |

14. Cartier also owns a United States copyright registration —Copyright Registration No. VA 1-130-790 — for its unique, innovative and well-known "Agrafe" bracelet design (the "Cartier Copyrighted Design"). The following chart depicts the Cartier Copyrighted Design:

| U.S. Copyright Reg. No. | Title of Work | Date of Registration | Date of First Publication | Registered Owner |
|---|---|---|---|---|
| VA 1-30-790 | AGRAFE | August 9, 2001 | November 1, 2000 | Cartier International |

15. As Chief of Intellectual Property Enforcement for Richemont, I am personally involved in the policing of Cartier's intellectual property rights. Cartier vigorously enforces its intellectual property rights by investigating instances of infringement, contacting parties who have infringed Cartier's intellectual property rights and demanding that they cease and desist, and filing suit against such parties where necessary to protect Cartier's rights. In particular,

5

Cartier's famous Love "screw" design, being one of Cartier's most popular and recognizable designs among consumers, is the subject of numerous enforcement proceedings by Cartier, and Cartier has commenced over 300 lawsuits against infringers of this famous design.

### OVERSTOCK JEWELER'S INFRINGING CONDUCT

16. Overstock Jeweler has been offering for sale and selling jewelry and watch products that deliberately and slavishly copy and infringe the Cartier Design Marks, the Cartier Design Patents, and the Cartier Copyrighted Design through its website — www.overstockjeweler.com.

17. Overall, Cartier has identified twenty-five jewelry and watch products being offered for sale and sold by Overstock Jeweler that incorporate designs that are substantially indistinguishable from the Cartier Design Marks. Indeed, each Overstock Jeweler product contains a counterfeit of one or more of the Cartier Design Marks.

18. Annexed hereto as Exhibits A - G are certified copies of each of the individual trademark registrations for the Cartier Design Marks, copies of printouts from www.overstockjeweler.com, which depict each corresponding Overstock Jeweler jewelry and/or watch product that infringes the Cartier Design Marks, and a chart comparing the Cartier Design Marks and the allegedly infringing Overstock Jeweler products.

19. Cartier has also identified eight jewelry and watch products being offered for sale and sold by Overstock Jeweler that are studied and slavish imitations of the novel and non-functional ornamental jewelry and watch designs that are the subject of the Cartier Design Patents.

20. A comparison of the designs covered by the Cartier Design Patents and the corresponding jewelry and watch products being offered for sale and sold by Overstock Jeweler

6

shows that the Overstock Jeweler products are identical, or virtually so, to the Cartier designs.

21. Annexed hereto as Exhibits H - K are certified copies of each of the individual Cartier Design Patents, copies of printouts from www.overstockjeweler.com, which depict each corresponding Overstock Jeweler product that Cartier alleges infringes the Cartier Design Patents, and a comparison of the novel and non-functional ornamental designs covered by the Cartier Design Patents and the allegedly infringing Overstock Jeweler products.

22. In addition, Cartier has identified three jewelry products being offered for sale and sold by Overstock Jeweler that have been obviously copied from, and are substantially similar in overall appearance to, the Cartier Copyrighted Design. Indeed, even Overstock Jeweler's own product descriptions concede that these items have been copied. Each of these Overstock Jeweler products embodies the unique and innovative combination of design elements that sets the Cartier Copyrighted Design apart as a unique and original jewelry design.

23. A comparison of the Cartier Copyrighted Design and the three knockoff jewelry products being offered for sale and sold by Overstock Jeweler makes clear that the Overstock Jeweler products have been copied from, and have attempted to capture the total concept and feel of, the Cartier Copyrighted Design.

24. Annexed hereto as Exhibit L is a certified copy of the copyright registration for the Cartier Copyrighted Design, true and correct copies of printouts from www.overstockjeweler.com, which depict each of the Overstock Jeweler jewelry products that Cartier alleges infringes the Cartier Copyrighted Design, and a side-by-side comparison of the Cartier Copyrighted Design and the allegedly infringing Overstock Jeweler products.

25. Any attempt by Overstock Jeweler to argue that the products being offered for sale and sold through its website were not copied from, and were not intended to be substantially

indistinguishable from the designs covered by the Cartier Design Marks, Cartier Design Patents and Cartier Copyrighted Design, is belied by the manner in which Overstock Jeweler markets and promotes its products — namely, as being indistinguishable from and of comparable quality to the genuine Cartier Design Marks, Cartier Design Patents and Cartier Copyrighted Design.

26. By way of example, Overstock Jeweler markets and promotes a ring (Item No. PK-Item774) that Cartier alleges infringes its registered trademark for a simulated screw-head design (3,162,410), the famous Cartier Love Screw Motif. The Cartier Design Mark (3,162,410) and the infringing Overstock Jeweler product (Item No. PK-Item774) are depicted below:

| **Cartier Design Mark (3,162,410)** | **Overstock Jeweler Infringing Product** |
|---|---|
|  |  |
|  | PK-Item774 |

27. Not surprisingly, Overstock Jeweler refers to Item No. PK-Item774 as a "Cartier-esque Inspired Gold Vermeil Sterling Silver Screw Motif Love Ring." Moreover, Overstock Jeweler's description of this product repeatedly refers to the fame of the Cartier screw-head design (3,162,410) — "[t]his revolutionary ring is inspired by Cartier's *famous* Screwmotif Love design" and "featuring the *well-known* [sic] screw design". *See* Exhibit D (emphases added).

28. Indeed, the only thing Overstock Jeweler apparently did not know when it appropriated this famous Cartier design was that Cartier owns a United States trademark registration for the screw motif, making this item, and other Overstock Jeweler items that incorporate this famous Cartier simulated screw-head design, deliberate trademark counterfeits.

29. Another such example is the manner in which Overstock Jeweler markets and promotes a ring (Item No. PK-RCrt) that Cartier alleges infringes its design patent for a novel

8

and non-functional ring design (D538,194). The similarities between the Cartier design (D538,194) and the infringing Overstock Jeweler product (Item No. PK-RCrt) are obvious:

| Cartier Design Patent (D538,194) | Overstock Jeweler Infringing Product |
|---|---|
| [ring image] | [ring image] PK-RCrt |

30. Moreover, Overstock Jeweler admits that it deliberately copied the Cartier patented design (D538,194) — plainly referring to its ring as "an *imitation* of Cartier-esque well known design." Overstock Jeweler even takes it a step further, claiming that "[t]he designer original piece retails for thousands of dollars and now you can get *the look* with a bargain price." *See* Exhibit J (emphases added).

31. It is no coincidence that Overstock Jeweler has decided to copy jewelry and watch items from our PASHA (*see* Exhibit C), TANK (*see* Exhibit E), and TRINITY (*see* Exhibit I) collections, among others, as these are some of our most popular and successful collections. Overstock Jeweler wants to hide behind the fact that it describes these items as "Inspired by Cartier" or "Cartier-esque". However, while doing so, time and again, it unwittingly admits copying these famous, *protected* designs.

32. As is clear from the above examples, Overstock Jeweler exists to profit from Cartier's and others' internationally recognized jewelry and watch designs. Accordingly, there can be no doubt that Overstock Jeweler is purposefully and willfully infringing the Cartier Design Marks, Cartier Design Patents and Cartier Copyrighted Design.

DECLARED UNDER PENALTY OF PERJURY THIS 11th DAY OF June, 2008.

*[signature]*
Bharat Dube, Esq.