UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- x

YURMAN STUDIO, INC. and YURMAN
DESIGN, INC.,

               Plaintiffs/Counter-Defendants,

       - against -

ELENA CASTANEDA and EJEWELER LLC
d/b/a OVERSTOCKJEWELER.COM,

               Defendants/Counter-Plaintiffs.

Civil Action No. 07-1241 (SAS)(HP)
(Action No. 1)

-------------------------------------------------------------- x
-------------------------------------------------------------- x

CARTIER, a division of RICHEMONT NORTH
AMERICA, INC., CARTIER INTERNATIONAL,
N.V., CARTIER CREATION STUDIO, S.A., VAN
CLEEF & ARPELS S.A., VAN CLEEF &
ARPELS, INC., VAN CLEEF & ARPELS
DISTRIBUTION, INC., GUCCI AMERICA, INC.,
and BULGARI S.p.A.,

               Plaintiffs,

       - against -

ELENA CASTANEDA and EJEWELER LLC
d/b/a OVERSTOCKJEWELER.COM,

               Defendants.

Civil Action No. 07-7862 (SAS)(HP)
(Action No. 2)

-------------------------------------------------------------- x

## LOCAL CIVIL RULE 56.1 STATEMENT

Pursuant to Local Civil Rule 56.1, Plaintiffs Yurman Studio, Inc., Yurman Design, Inc.,

Cartier, a division of Richemont North America, Inc., Cartier International, N.V., Cartier

Creation Studio, S.A., Gucci America, Inc. and Bulgari S.p.A. (collectively "Plaintiffs")

respectfully submit this statement of undisputed material facts in support of their motion for partial summary judgment.[1]

## THE PARTIES

### A.    Plaintiffs

1.    Yurman Studio, Inc. and Yurman Design, Inc. (collectively "Yurman") are both New York corporations that maintain their respective principal places of business at 24 Vestry Street, New York, New York. (Yurman Decl. ¶ 2)

2.    Cartier International, N.V. is a Netherlands Antilles corporation, which owns all trademark rights and registrations used in the Cartier business. (Dube Decl. ¶ 2)

3.    Cartier, a division of Richemont North America, Inc., is a Delaware corporation and the exclusive licensee of Cartier International, N.V.'s trademark rights in the United States. (Dube Decl. ¶ 3)

4.    Cartier Creation Studio, S.A. is a Swiss corporation, which owns all design patents used in the Cartier business (hereinafter, Cartier International, N.V., Cartier, a division of Richemont North America, Inc. and Cartier Creation Studio, S.A. are referred to collectively as "Cartier"). (Dube Decl. ¶ 4)

5.    Gucci is a New York corporation and maintains its principal place of business at 685 Fifth Avenue, New York, New York. (Moss Decl. ¶ 2)

6.    Bulgari is an Italian corporation with its principal place of business in Rome, Italy. (Rapone Decl. ¶ 2)

---

[1] Declarations are referenced by the surname of the declarant, followed by "Decl." and the cited paragraph number and accompanying exhibit where applicable.

**B.    Defendants**

7.    Elena Castaneda ("Castaneda") is an individual who resides and maintains a business at 351 East 84th Street, #11A, New York, New York. (Defendants' Answer to Amended Complaint and Counterclaim [Docket No. 19] ("Defendants' Counterclaim") ¶ 2)

8.    Ejeweler LLC is a corporation existing under the laws of Delaware, which maintains a principal place of business at 1328 Broadway, New York, New York (Elena Castaneda and Ejeweler LLC are collectively referred to as "Defendants" or "Overstock Jeweler"). (Defendants' Counterclaim ¶ 3)

9.    Castaneda is the sole owner or member of Ejeweler LLC. (Ederer Decl. ¶ 2, Ex. A at 18:2-14)

10.    Alice Limantara is the buyer for Overstock Jeweler. (Ederer Decl. ¶ 2, Ex. A at 52:2-8)

11.    Since 2004, Defendants, through their website <overstockjeweler.com>, have been offering for sale and selling "Designer Knockoff Jewelry", "Designer Imitation Jewelry" and "reproductions or replicas of popular designs", including "knockoffs", "imitations", "reproductions" and "replicas" of popular jewelry and watch items designed, marketed and sold by Plaintiffs. (Ederer Decl. ¶ 2, Ex. A at 73:11; ¶ 4, Ex. C; ¶ 5, Ex. D)

12.    At the time Plaintiffs deposed Castaneda in early 2008, Overstock Jeweler's "About Us" web page stated that "Overstock Jeweler has an unprecedented record and reputation for bringing quality knockoff jewelry to some of the country's most scrupulous bargain jewelry shoppers." (Ederer Decl. ¶ 4, Ex. C)

13.    Overstock Jeweler uses the words "knockoff", "fake", "copy", "replica", "imitation", "-esque" and "faux" to describe the products it offers for sale and sells, including

3

products that it claims are only "inspired by" Plaintiffs' designs. (Yurman Decl. ¶ 20, Ex. N; Dube Decl. ¶ 30, Ex. J; Moss Decl. ¶ 17, Ex. C; Rapone Decl. ¶ 15, Ex. D)

14.    Overstock Jeweler's business model is to profit from the sale of "knockoffs", "imitations", "reproductions" and "replicas" of Yurman, Cartier, Gucci and Bulgari's internationally recognized jewelry and watch designs. (Yurman Decl. ¶ 22; Dube Decl. ¶ 32; Moss Decl. ¶ 19; Rapone Decl. ¶ 17)

## PLAINTIFFS' BUSINESSES AND WORLD FAMOUS BRANDS

### A.    Yurman

15.    Yurman is a world famous designer, manufacturer and supplier of fine jewelry and luxury watches sold under the DAVID YURMAN brand. (Yurman Decl. ¶ 3)

16.    Yurman has been recognized as one of the most innovative jewelry design houses of its time, and is well-known for its unique design work. While Yurman's work is widely admired for its simple, clean lines, each of Yurman's designs contain numerous artistic intricacies, reflecting numerous creative choices, including not only the artistic detail of the components of the particular design, but the manner in which the components inter-relate with each other to create a certain integration or "flow", that runs throughout the piece. (Yurman Decl. ¶ 4)

17.    Since its inception in 1980, Yurman has set new standards for designing and marketing jewelry, infusing the disciplines of art and fashion into the jewelry making process. Yurman is particularly well-known for the quality of its products, the innovativeness and uniqueness of its designs, and its technological developments in jewelry design. (Yurman Decl. ¶ 5)

18.    Yurman products are marketed to fashion-conscious consumers and are sold only in Yurman company-owned stores, in authorized specialty retail stores, in authorized high-end

department stores, and through Yurman's own website — www.davidyurman.com. (Yurman Decl. ¶ 6)

**B.    Cartier**

19.    Cartier is a world famous supplier of fine jewelry and luxury watches sold under the CARTIER brand name. (Dube Decl. ¶ 5)

20.    In 1847, master jeweler Louis Francois Cartier founded the House of Cartier in Paris, France. Since as early as 1847, Cartier and its predecessors-in-interest and associated companies have been utilizing the CARTIER brand name, trademarks, and designs in connection with the advertising, promotion and sale of fine jewelry and luxury watches around the world. (Dube Decl. ¶ 6)

21.    Since 1909, the CARTIER brand name, trademarks, and designs have been used in connection with the advertising, promotion and sale of fine jewelry and luxury watches in the United States and the State of New York, including at its internationally famous retail store located on Fifth Avenue in New York City. (Dube Decl. ¶ 7)

22.    Cartier jewelry and watches have distinctive and original designs, design elements and features that have become synonymous with Cartier in the eyes of the general public, consumers of Cartier products and the luxury goods industry. (Dube Decl. ¶ 8)

23.    Cartier products are marketed to fashion-conscious consumers and are sold only in Cartier-owned stores, at authorized specialty retail stores, in authorized high-end department stores, and through Cartier's own website. Cartier jewelry and watches are world-acclaimed and regarded as a global symbol of fashion, luxury and prosperity. (Dube Decl. ¶ 9)

**C.    Gucci**

24.    Gucci is the owner of, and the sole and exclusive distributor of, fine jewelry and

luxury watches sold under the world famous GUCCI brand name in the United States. (Moss Decl. ¶ 3)

25.    The GUCCI brand name has been synonymous with luxurious and elegant products and services, and currently the Gucci trademark is one of the most recognized trademarks in the world. (Moss Decl. ¶ 4)

26.    Moreover, the brand owners of the GUCCI brand have long been recognized as worldwide leaders in the design, marketing and distribution of premium, high quality products, including fine jewelry and luxury watches. (Moss Decl. ¶ 5)

**D.    Bulgari**

27.    Bulgari was founded by Sotirio Bulgari in 1884. In 1905, Sotirio Bulgari, along with his sons Costantino and Giorgio, opened a shop in via Condotti, where the Bulgari flagship store is located. (Rapone Decl. ¶ 3)

28.    From its modest beginnings, Bulgari has grown to become one of the world's best known and most revered jewelers. The BVLGARI and BULGARI trademarks, which have been used in the United States for fine jewelry products since 1970 and for luxury watches since 1977, have become synonymous with luxurious and elegant products and services, and innovation and design. (Rapone Decl. ¶ 4)

29.    Bulgari stores in New York City are located at exclusive locations at 730 Fifth Avenue and 783 Madison Avenue. New York City was Bulgari's first international retail location. The BVLGARI brand is now highly successful and well-known throughout the United States. (Rapone Decl. ¶ 5)

## PLAINTIFFS' INTELLECTUAL PROPERTY RIGHTS

### A.    Yurman

30.    Yurman diligently protects and enforces its most important assets, its intellectual property rights.  Over the years, Yurman has regularly registered copyrights in its unique and innovative jewelry and watch designs with the United States Copyright Office.  Yurman has also obtained design patents from the United States Patent and Trademark Office ("USPTO") covering various novel and non-functional ornamental designs incorporated into certain of its unique and innovative jewelry and watch designs.  (Yurman Decl. ¶ 7)

31.    Yurman owns over 110 United States copyright registrations covering certain of its individual jewelry designs and collections of jewelry designs.  Among the unique and innovative jewelry designs and collections of jewelry designs that Yurman has registered with the United States Copyright Office are those listed in the following chart (collectively referred to as the "Yurman Copyrighted Designs"):

| Copyright Reg. No. | Deposit Material & Item No. | Date of Registration | Date of First Publication | Registered Owner |
|---|---|---|---|---|
| VA 771-476 | Bracelet B06195 | February 2, 1999 | December 20, 1995 | Yurman Studio, Inc. |
| VA 785-338 | Earrings E06190 | November 21, 1996 | August 16, 1996 | Yurman Design, Inc. |
| VA 1-024-276 | Pave Collection Enhancer D06384 | August 21, 2000 | March 13, 1997 | Yurman Design, Inc. |
| VA 1-024-278 | Albion Collection Necklace N06261 | August 21, 2000 | July 24, 1997 | Yurman Design, Inc. |

7

| Copyright Reg. No. | Deposit Material & Item No. | Date of Registration | Date of First Publication | Registered Owner |
|---|---|---|---|---|
| VA 1-024-280 | Hampton Collection Enhancer D06377 | August 21, 2000 | August 13, 1998 | Yurman Design, Inc. |
| VA 1-024-281 | Hampton Collection Necklace (N06379) | August 21, 2000 | September 29, 1998 | Yurman Design, Inc. |
| VA 1-094-336 | Capri Collection (R06444) | September 7, 2001 | June 18, 1999 | Yurman Studio, Inc. |
| VA 1-116-155 | "Albion" Collection (E06574) | August 28, 2001 | March 23, 2001 | Yurman Studio, Inc. |
| VA 1-282-478 | Crossover Collection 2003 (B06773D) | November 6, 2003 | January 25, 2003 | Yurman Studio, Inc. |
| VA 1-282-481 | Madison Chain Collection 2003 (R06871) | November 6, 2003 | July 27, 2003 | Yurman Studio, Inc. |
| VA 1-384-012 | Linked Renaissance Collection 2005 (D07344D) | October 28, 2005 | March 31, 2005 | Yurman Studio, Inc. |
| VA 1-390-915 | Pearl Collection I 2005 (No7056D) | July 26, 2005 | May 29, 2004 | Yurman Studio, Inc. |

(Yurman Decl. ¶ 8)

32.    Yurman also owns United States design patents covering certain novel and non-functional ornamental designs that it incorporates into its unique and innovative jewelry designs,

including United States Design Patent No. D371,314 for the ornamental design of a watch bracelet (the "Yurman Design Patent"). The following chart depicts the Yurman Design Patent:

| Patent No. | Claim | Drawing | Date of Patent | Registered Owner |
|---|---|---|---|---|
| D371,314 | The ornamental design for a watch bracelet, as shown and described | | July 2, 1996 | Yurman Design, Inc. |

(Yurman Decl. ¶ 9)

**B.    Cartier**

33.    Cartier diligently protects and enforces its intellectual property rights. Cartier has registered numerous trademarks for the CARTIER brand name, as well as various collection and design marks used to identify the jewelry and watch products that it markets and sells, in the USPTO. Cartier has also obtained several design patents from the USPTO covering various novel and non-functional ornamental designs incorporated into certain of its unique and innovative jewelry and watch designs. Moreover, Cartier has registered copyrights in many of its unique and innovative jewelry designs in the United States Copyright Office. (Dube Decl. ¶ 10)

34.    In addition to the world famous CARTIER house mark, Cartier owns, and has registered and/or applied to register, trademarks (both word marks and design marks) that identify the source of the jewelry and watch designs that it sells. The following chart depicts certain of the well-known designs that Cartier has registered as trademarks with the USPTO (collectively, the "Cartier Design Marks"):

| Trademark Reg. No. | Mark | Type & Class of Goods | Date of Registration | Registered Owner |
|---|---|---|---|---|
| 1,372,423 | | Bracelets (14) | November 26, 1985 | Cartier International |

| Trademark Reg. No. | Mark | Type & Class of Goods | Date of Registration | Registered Owner |
|---|---|---|---|---|
| 2,322,769 | | Watches and Jewelry (14) | February 29, 2000 | Cartier International |
| 2,436,100 | | Chronometers, Watches and Clocks (14) | March 20, 2001 | Cartier International |
| 3,162,410 | | Jewelry, namely, bracelets, watches, rings, charms, earrings, dog tag type pendants, cuff links, belt buckles made of precious metal (14) | October 24, 2006 | Cartier International |
| 3,282,847 | | Horologic and chronometric instruments, namely, watches (14) | August 21, 2007 | Cartier International |
| 3,282,846 | | Horologic and chronometric instruments, namely, watches (14) | August 21, 2007 | Cartier International |
| Serial No. 79037955 | | Cuff-links, tie clips, rings, bracelets, earrings, necklaces, brooches, watches, chronometers, clocks, watch straps, watch bracelets and boxes of precious metal for watches and jewelry (14) | June 30, 2006 (filing date) | Cartier International |

(Dube Decl. ¶ 11)

35.    Each of the Cartier Design Marks have continually been used in commerce since

their respective registrations and/or applications.  Further, each has been determined by the

USPTO to have demonstrated the requisite secondary meaning needed to achieve registration,

that is, each design has been determined to indicate to consumers that Cartier is the source of

products bearing or incorporating such designs.  The Cartier Design Marks correspond to some

of Cartier's most well known collections, including the TANK and PASHA collections.  (Dube

Decl. ¶ 12)

36.    The following chart depicts certain of the design patents that the USPTO issued to Cartier for its novel and non-functional ornamental jewelry and watch designs (collectively, the "Cartier Design Patents"):

| Patent No. | Claim | Drawing | Date of Patent | Registered Owner |
|---|---|---|---|---|
| D388,332 | The ornamental design for a combined watch bracelet | | December 30, 1997 | Cartier Creation Studio, S.A. |
| D424,967 | The ornamental design for a ring | | May 16, 2000 | Cartier Creation Studio, S.A. |
| D538,194 | The ornamental design for a ring | | March 13, 2007 | Cartier Creation Studio, S.A. |
| D543,130 | The ornamental design for a pendant | | May 22, 2007 | Cartier Creation Studio, S.A. |

(Dube Decl. ¶ 13)

37.    Cartier also owns a United States copyright registration ——Copyright Registration No. VA 1-130-790 — for its unique, innovative and well known "Agrafe" bracelet design (the "Cartier Copyrighted Design"). The following chart depicts the Cartier Copyrighted Design:

| Copyright Reg. No. | Deposit Material | Date of Registration | Date of First Publication | Registered Owner |
|---|---|---|---|---|
| VA 1-30-790 | AGRAFE | August 9, 2001 | November 1, 2000 | Cartier International |

(Dube Decl. ¶ 14)

## C.    Gucci

38.    Gucci diligently protects and enforces its intellectual property rights. Over the years, Gucci has registered copyrights in its unique and innovative jewelry and watch designs in the United States Copyright Office. Gucci has also registered in the USPTO numerous

11

trademarks for the GUCCI brand name, as well as various collection names and design marks used to identify the jewelry and watch designs that Gucci markets and sells. (Moss Decl. ¶ 6)

39.    Specifically, Gucci has registered the following collections of unique, innovative and well-known jewelry designs with the United States Copyright Office:

| Copyright Reg. No. | Deposit Material | Date of Registration | Date of First Publication | Registered Owner |
|---|---|---|---|---|
| VA 1-375-802 (Fall Winter 2005 Jewelry Collection) |  | February 7, 2006 | August 15, 2005 | Gucci America, Inc. |
| VA 1-395-947 (Spring Summer 2007 Jewelry Collection) |  | January 29, 2007 | December 1, 2006 | Gucci America, Inc. |

(Moss Decl. ¶ 7)

40.    In addition, Gucci owns, and has registered, the following stylized letter G design, which Gucci has continuously used in commerce since 1999, as a trademark with the USPTO (the "Gucci Design Mark"):

| Trademark Reg. No. | Mark | Type & Class of Goods | Date of Registration | Registered Owner |
|---|---|---|---|---|
| 2,234,272 |  | Watches and clocks (14) | March 23, 1999 | Gucci America, Inc. |

(Moss Decl. ¶ 8)

## D.    Bulgari

41.    Bulgari diligently protects and enforces its intellectual property rights.  Over the years, Bulgari has obtained, among other forms of intellectual property registrations, design patents from the USPTO covering various novel and non-functional ornamental designs incorporated into certain of its unique and innovative jewelry designs.  (Rapone Decl. ¶ 6)

42.    The following chart depicts certain of the design patents that Bulgari has obtained from the USPTO (collectively referred to as the "Bulgari Design Patents") in connection with its world famous SPIGA and BZERO1 collections:

| Patent No. | Claim | Drawing | Date of Patent | Registered Owner |
|---|---|---|---|---|
| D338,629 | The ornamental design for a finger ring |  | August 24, 1993 | Bulgari, S.p.A. |
| D434,688 | The ornamental design for a ring |  | December 2, 2000 | Bulgari, S.p.A. |
| D545,716 | The ornamental design for an earring |  | July 3, 2007 | Bulgari, S.p.A. |

(Rapone Decl. ¶ 7)

## DEFENDANTS' INFRINGING CONDUCT

43.    Plaintiffs allege that Defendants have been offering for sale and selling jewelry and watch products that infringe the Cartier Design Marks, the Gucci Design Mark, the Yurman Copyrighted Designs, the Cartier Copyrighted Design, the Gucci Copyrighted Designs, the

Yurman Design Patent and the Bulgari Design Patents. (Yurman Decl. ¶ 10; Dube Decl. ¶ 16; Moss Decl. ¶ 9; Rapone Decl. ¶ 8)

## A.    Defendants' Infringement of Yurman's Intellectual Property

44.    Yurman has identified twenty-five jewelry products being offered for sale and sold by Overstock Jeweler that it alleges are substantially similar in overall appearance to the Yurman Copyrighted Designs. (Yurman Decl. ¶ 12)

45.    A chart comparing the Yurman Copyrighted Designs and the allegedly infringing products being offered for sale and sold by Overstock Jeweler appears below:

| Copyright Reg. No. | Yurman Item / Deposit Material & Item No. | Overstock Jeweler Item & Item No. |
|---|---|---|
| VA 771-476 | B06195 | Zan-B614-2 |
| VA 785-338 | E06190 | AF2-CRE064SN |
| VA 1-024-278 | N06261 | BSB-Palb |
|  |  | BSB-S1200T |
|  |  | PK-DYtopazE |

| Copyright Reg. No. | Yurman Item / Deposit Material & Item No. | Overstock Jeweler Item & Item No. |
|---|---|---|
| | |  DY-7014 |
| | |  BSB-Salbcable |
| VA 1-116-155 |  E06574 |  PK-D_36 |
| | |  AF-PDY2C |
| VA 1-384-012 |  D07344D (now D07313D) |  BSB-P-SE-7010 |
| VA 1-024-276 |  D06384 |  BSB-PCZALB |
| | |  DY2882 |

| Copyright Reg. No. | Yurman Item / Deposit Material & Item No. | Overstock Jeweler Item & Item No. |
|---|---|---|
| | | BSB-EPALB |
| | | G-SCR3157T |
| | | BSB-3702 |
| VA 1-024-280 | D06377 | TF4121 |
| VA 1-024-281 | N06379 | Zan-N375ZGS |
| | | Zan-N375GFS |
| | | |

| Copyright Reg. No. | Yurman Item / Deposit Material & Item No. | Overstock Jeweler Item & Item No. |
|---|---|---|
| | | Zan-B375GFS |
| | |  Zan-B375ZGS |
| | |  Zan-B375GL |
| VA 1-282-478 |  B06773D |  BSB-E73847769 |
| VA 1-094-336 |  R06444 |  AF2-0339 |
| VA 1-282-481 |  R06871 |  PK-DYmadisonr |
| VA 1-390-915 |  N07056D |  PK-74812751 |

(Yurman Decl. ¶¶ 13-14, Exs. A-L)

17

46.    Yurman has also identified a watch bracelet being offered for sale and sold by Overstock Jeweler that it alleges is an imitation of the novel and non-functional ornamental watch bracelet design that is the subject of the Yurman Design Patent. (Yurman Decl. ¶ 15)

47.    A chart comparing the Yurman Design Patent and the allegedly infringing product being offered for sale and sold by Overstock Jeweler appears below:

| Patent No. | Claim | Drawing | Overstock Jeweler Item & Item No. |
|---|---|---|---|
| D371,314 | The ornamental design for a watch bracelet, as shown and described |  | <br><br>MK-DY2t |

(Yurman Decl. ¶¶ 16-17, Ex. M)

48.    Overstock Jeweler markets and promotes its products as being indistinguishable from and of comparable quality to the genuine Yurman Copyrighted Designs and Yurman Design Patent. (Yurman Decl. ¶ 18)

49.    Overstock Jeweler internationally markets and promotes its products as ready substitutes for Yurman's popular jewelry designs. For example, Overstock Jeweler markets and promotes a pendant (Item No. BSB-P-SE-7010) that Yurman alleges infringes its copyright for a pendant that is part of its famous Linked Renaissance Collection 2005 (VA 1-384-012), as a "David Yurman Jewelry Inspired Knockoff Renaissance Diamond CZ Pendant", and further describes it as "an imitation of David Yurman's famous Linked Renaissance Collection." Overstock Jeweler's description also states that "[t]he original piece retails for thousands of dollars and now you can get it for a fraction of the cost." (Yurman Decl. ¶ 19, Ex. K)

50.    Ms. Castaneda testified that the "original piece" being referred to in this copy appearing on the Overstock Jeweler website, was the Yurman copyrighted pendant. (Yurman

Decl. ¶ 20, Ex. N at 284:8 - 288:24)

**B.    Defendants' Infringement of Cartier's Intellectual Property**

51.    Cartier has identified twenty-five jewelry and watch products being offered for sale and sold by Overstock Jeweler that it alleges incorporate designs that are substantially indistinguishable from and counterfeits of the Cartier Design Marks. (Dube Decl. ¶¶ 17-18, Exs. A-G)

52.    A chart comparing the Cartier Design Marks and the allegedly counterfeit products being offered for sale and sold by Overstock Jeweler appears below:

| Trademark Reg. No. | Cartier Trademark | Overstock Jeweler Item & Item No. |
|---|---|---|
| 1,372,423 |  | <br>IND-BL505 |
| 2,322,769 |  | <br>MK-GM273784292 |
| 2,436,100 |  | <br>SF-91663201 |
| | | <br>PK-0819 |
| | | <br>PK-5778 |

| Trademark Reg. No. | Cartier Trademark | Overstock Jeweler Item & Item No. |
|---|---|---|
| 3,162,410 |  | <br>IND-BL505 |
| | | <br>BS-CSRG203 |
| | | <br>scrwtag-88228822 |
| | | <br>SF-273870925 |
| | | <br>PK-item774 |
| | | <br>G-STR0097V4-C01 |
| | | <br>PK-74398473 |

20

| Trademark Reg. No. | Cartier Trademark | Overstock Jeweler Item & Item No. |
|---|---|---|
| | |  SM-74117551 |
| | |  PK-BCTRL3 |
| | |  PK-BCTRL2 |
| | |  PK-CR627 |
| | |  G-STRnewitem751 |
| | |  SLGX-2422 |
| | |  WH-4315 |

| Trademark Reg. No. | Cartier Trademark | Overstock Jeweler Item & Item No. |
|---|---|---|
| | | <br>CA-3883 |
| | | <br>925-D-1543 |
| | | <br>PK-CFCRT |
| | | <br>JC-20K5035 |
| | | <br>PK-9842 |
| | | <br>SSTR-5341 |
| 3,282,846 |  | <br>BRT-WCRTT2 |

| Trademark Reg. No. | Cartier Trademark | Overstock Jeweler Item & Item No. |
|---|---|---|
| 3,282,847 |  | BRT-WCRTT2 |
| 79037955 (Serial No.) | | IND-BL505 |
| | | BS-CSRG203 |
| | | SF-273870925 |
| | | PK-item774 |
| | | G-STR0097V4-C01 |
| | | PK-74398473 |
| | | SM-74117551 |

| Trademark Reg. No. | Cartier Trademark | Overstock Jeweler Item & Item No. |
|---|---|---|
| | | PK-BCTRL2 |
| | | PK-CR627 |
| | | G-STRnewitem751 |
| | | SLGX-2422 |
| | | 925-D-1543 |
| | | SSTR-5341 |
| | | PK-9842 |

(Dube Decl. ¶¶ 17-18, Exs. A-G)

53.    Cartier has also identified eight jewelry and watch products being offered for sale and sold by Overstock Jeweler that it alleges are imitations of the novel and non-functional ornamental jewelry and watch designs that are the subject of the Cartier Design Patents. (Dube Decl. ¶ 19)

54.    A chart comparing the Cartier Design Patents and the allegedly infringing products being offered for sale and sold by Overstock Jeweler appears below:

| Patent No. | Claim | Drawing | Overstock Jeweler Item & Item No. |
|---|---|---|---|
| D388,332 | The ornamental design for a combined watch and bracelet, as shown. |  | <br>BRT-WCRTT2 |
| D424,967 | The ornamental design for a ring, as shown and described. |  | <br>PK-273786596 |
| | | | <br>PK-RR3597 |
| | | | <br>PK-Q-33-AY |
| | | | <br>PK-V2222 |

| Patent No. | Claim | Drawing | Overstock Jeweler Item & Item No. |
|---|---|---|---|
| D538,194 | The ornamental design for a ring, as shown and described. |  | <br>PK-RCrt |
| D543,130 | The ornamental design of a pendant, as shown and described. |  | <br>SF-91663201 |
| | | | <br>PK-5778 |
| | | | <br>PK-0819 |

(Dube Decl. ¶¶ 20-21, Exs. H-K)

     55.    Cartier has identified three jewelry products being offered for sale and sold by Overstock Jeweler that it alleges are substantially similar in overall appearance to the Cartier Copyrighted Design. (Dube Decl. ¶ 22)

     56.    A chart comparing the Cartier Copyrighted Design and the three allegedly infringing jewelry products being offered for sale and sold by Overstock Jeweler appears below:

| Copyright Reg. No. | Cartier Item / Deposit Material | Overstock Jeweler Item & Item No. |
|---|---|---|
| VA 1-130-790 | | DT-LB-G0018 |
| | | SG-3489-ASH |
| | | PK-4388897 |

(Dube Decl. ¶¶ 23-24, Ex. L)

57.    Overstock Jeweler markets and promotes its products as being indistinguishable from and of comparable quality to the genuine Cartier Design Marks, Cartier Design Patents and Cartier Copyrighted Design. (Dube Decl. ¶ 25)

58.    Overstock Jeweler internationally markets and promotes its products as ready substitutes for Cartier's popular jewelry and watch designs. For example, Overstock Jeweler markets and promotes a ring (Item No. PK-Item774) that Cartier alleges infringes its registered trademark for a simulated screw-head design (3,162,410), the famous Cartier Love Screw Motif, as a "Cartier-esque Inspired Gold Vermeil Sterling Silver Screw Motif Love Ring." Moreover, Overstock Jeweler's description of this product refers to the fame of the Cartier screw-head

design (3,162,410) — "[t]his revolutionary ring is inspired by Cartier's famous Screwmotif Love design" and "featuring the well-known [sic] screw design". (Dube Decl. ¶¶ 26-27, Ex. D)

59.    In marketing and promoting a ring (Item No. PK-RCrt) that Cartier alleges infringes its design patent for a novel and non-functional ring design (D538,194), Overstock Jeweler describes the ring as "an imitation of Cartier-esque well known design," and further states that "[t]he designer original piece retails for thousands of dollars and now you can get the look with a bargain price." (Dube Decl. ¶¶ 29-30, Ex. J)

## C.    Defendants' Infringement of Gucci's Intellectual Property

60.    Gucci has identified twelve jewelry and watch products being sold by Overstock Jeweler that it alleges are substantially similar in overall appearance to the respective Gucci Copyrighted Designs. (Moss Decl. ¶ 11)

61.    A chart comparing of the Gucci Copyrighted Designs and the allegedly infringing jewelry and watch products being offered for sale and sold by Overstock Jeweler appears below:

| Copyright Reg. No. | Gucci Item / Deposit Material & Item No. | Overstock Jeweler Item & Item No. |
|---|---|---|
| VA-1-375-802 | 170845J85408065 | SC-HE56177 |
| | | WH-5320 |

| Copyright Reg. No. | Gucci Item / Deposit Material & Item No. | Overstock Jeweler Item & Item No. |
|---|---|---|
| VA-1-375-802 | 133292j85008000 | PK-3S-656-ASH |
| | | WH-SB0850 |
| VA-1-375-802 | 139454J85409066 | PK-4777 |
| | | PK-74390596 |
| VA-1-375-802 | 141464J85409066 | PK-K-75 |
| VA-1-375-802 | 170843J85408065 | 925-e-6303 |
| | | PK-ee-ASH |

29

| Copyright Reg. No. | Gucci Item / Deposit Material & Item No. | Overstock Jeweler Item & Item No. |
|---|---|---|
| VA-1-395-947 | 160360J84008106 | SS-73850683 |
| VA-1-395-947 | 160356J84008106 | PK-II-NET-ASH |
| VA-1-395-947 | 154873J85008000 | SSTR-NMRN150G |

(Moss Decl. ¶¶ 12-13, Exs. B-I)

62.     In addition, Gucci has identified a bracelet being offered for sale and sold by Overstock Jeweler that it alleges is substantially indistinguishable from the Gucci Design Mark. (Moss Decl. ¶¶ 14-15, Ex. J)

63.     A chart comparing the Gucci Design Mark and the allegedly counterfeit product being offered for sale and sold by Overstock Jeweler appears below:

| Trademark Reg. No. | Gucci Trademark | Overstock Jeweler Item & Item No. |
|---|---|---|
| 2,234,272 | G | sch-edfl6 |

(Moss Decl. ¶¶ 14-15, Ex. J)

64.    Overstock Jeweler markets and promotes these products as being indistinguishable from and of comparable quality to the genuine Gucci Copyrighted Designs and products bearing the Gucci Design Mark. (Moss Decl. ¶ 16)

65.    Overstock Jeweler internationally markets and promotes its products as ready substitutes for Gucci's popular jewelry designs. For example, Overstock Jeweler markets and promotes a bracelet (Item No. PK-3S-656-ASH) that Gucci alleges infringes its copyright for a unique and innovative bracelet design that is part of its Fall Winter 2005 Jewelry Collection (VA 1-375-802) as a "Gucci-Esque Pave CZ Accented Horsebit Sterling Silver Bracelet." In its description of Item No. PK-3S-656-ASH, Overstock Jeweler states "Glamour comes to mind when wearing this piece similar to a Gucci imitation, so spend less and still stand out in the crowd. . . . True designers look at a fraction of the price . . . ." (Moss Decl. ¶ 17, Ex. C)

## D.    Defendants' Infringement of Bulgari's Intellectual Property

66.    Bulgari has identified three jewelry products being offered for sale and sold by Overstock Jeweler that it alleges are imitations of the novel and non-functional ornamental jewelry designs that are the subject of the Bulgari Design Patents. (Rapone Decl. ¶ 10)

67.    A chart comparing the Bulgari Design Patents and the allegedly infringing products being offered for sale and sold by Overstock Jeweler appears below:

| Patent No. | Claim | Drawing | Overstock Jeweler Item & Item No. |
|---|---|---|---|
| D338,629 | The ornamental design for a finger ring, as shown and described. |  | <br>AF-2148 |

| Patent No. | Claim | Drawing | Overstock Jeweler Item & Item No. |
|------------|-------|---------|-----------------------------------|
| D434,688 | The ornamental design for a ring, substantially, as shown and described. |  | <br>R-Bzero1 |
| D545,716 | The ornamental design for an earring, as shown. |  | <br>BulgariE |

(Rapone Decl. ¶ 11-12, Exs. A-C)

      68.      Overstock Jeweler markets and promotes its products as being indistinguishable from and of comparable quality to the genuine Bulgari Design Patents. (Rapone Decl. ¶ 13)

      69.      Overstock Jeweler internationally markets and promotes its products as ready substitutes for Bulgari's popular jewelry designs. For example, in marketing and promoting a ring (Item No. R-Bzero1) that Bulgari alleges infringes its design patent in a substantial similar ornamental jewelry design for a ring (Design Patent D434,688), Overstock Jeweler refers to Item No. B-zero1 as a "Bulgari Bzero1 Inspired Sterling Silver Ring with Pave CZ Diamonds", and further describes it as a "beautiful Bulgari Bzero1 style Inspired ring" in its product description. Overstock Jeweler, further states in its description of Item No. B-zero1, that "it evokes the same understated elegance" as the genuine Bulgari piece. Moreover, Castaneda testified that

Overstock Jeweler Item No. B-zero1 is "similar in shape" to the Bulgari Design Patent (Design Patent D434,688).  (Rapone Decl. ¶ 15, Ex. D at 693:23 - 697:12)

### DEFENDANTS' WILLFULNESS

70.    In addition to the evidence demonstrating that Defendants deliberately intended to sell knockoffs of Plaintiffs' popular designs, there is further evidence of Defendants' willful conduct.  Thus, for example, the Overstock Jeweler website has a "Disclaimer" page that states, in part, "[b]ecause we respect the intellectual property rights of third parties, . . . Overstockjeweler will promptly and permanently remove any item from sale that infringes the intellectual property rights of a third party." (Ederer Decl. ¶ 5, Ex. D)  However, after Plaintiffs sued Defendants in this Court, Defendants continued to sell all of the complained-of products and now sell more allegedly infringing products than before.  (Yurman Decl. ¶ 11; Moss Decl. ¶ 10; Rapone Decl. ¶ 9)

71.    Further, Castaneda and Limantara both testified that Overstock Jeweler does not ask its suppliers if any of the products they sell infringe the intellectual property rights of famous designers.  Castaneda testified that "I don't make [the jewelry and watch products], so I don't have to do that." (Ederer Decl. ¶ 2, Ex. A at 174:2-17; 221:24 - 222:13; ¶ 3, Ex. B at 63:9-19)

72.    Despite repeatedly having been requested to do so, Defendants have failed to produce records reflecting their sales of the infringing goods.  Further, Castaneda testified that Overstock Jeweler recycles the "Item Numbers" for its products, and the "Item Number" for a particular product may have changed over the years.  Therefore, it is not possible to accurately determine the amount of revenue Defendants have realized from the sale of any of the complained-of items.  (Ederer Decl. ¶ 2, Ex. A at 762:7 - 763:12)

73.    Defendants have also, despite repeated requests, failed to produce records reflecting their cost of goods.  Limantara further testified that the "cost" data prepared for and

33

produced in this litigation is not accurate, and can not be substantiated. Therefore, it is not possible to determine accurately the costs Defendants have incurred in conducting these infringing activities. (Ederer Decl. ¶ 3, Ex. B at 102:10 - 106:8)

### DEFENDANTS' COUNTERCLAIM FOR CANCELLATION OF THE YURMAN COPYRIGHTS

74.     Overstock Jeweler alleges that when Mr. David Yurman created and designed each of the Yurman Copyrighted Designs, he copied each design from designs that existed in "substantially the same form" at some yet-to-be-identified time in the history of jewelry. Defendants further allege that Mr. Yurman then deliberately defrauded the U.S. Copyright Office by submitting copyright applications for the Yurman Copyrighted Designs and failing to inform the U.S. Copyright Office of the preexisting designs he copied from. (Yurman Decl. ¶ 23; Defendants' Counterclaim ¶¶ 20-23)

75.     Overstock Jeweler has failed to identify a single piece, in the history of jewelry, that contains the combination of design elements that make up each of the Yurman Copyrighted Designs. Moreover, Overstock Jeweler has failed to substantiate any of its allegations regarding Mr. Yurman's alleged false and fraudulent representations to the United States Copyright Office. (Yurman Decl. ¶ 24)

76.     Defendants were served with a request for the production of all documents and communications supporting Overstock Jeweler's allegation "that at the time Yurman designed and filed his copyright registrations for the Yurman [Copyrighted Designs], the jewelry designs that are the subject of those registrations were already in existence in substantially the same form". In response, Defendants stated that "[n]o documents are currently in Defendants' custody or control." Castaneda and her counsel also admitted on the record, at Castaneda's deposition,

34

that when they asserted this counterclaim against Yurman, they had no factual basis to do so. (Yurman Decl. ¶ 25; Ederer Decl. ¶ 2, Ex. A at 332:21 - 334:15)

77.    At Castaneda's deposition, Castaneda and her counsel further admitted they still had no documents to substantiate Overstock Jeweler's allegations — allegations made three months earlier. (Yurman Decl. ¶ 26; Ederer Decl. ¶ 2, Ex. A at 332:21 - 334:15)

78.    Defendants have now produced excerpts from various historical jewelry books that, they contend, support their counterclaim. Overstock Jeweler's production does not contain a single photograph of a preexisting jewelry item that is in "substantially the same form" as any of the Yurman Copyrighted Designs. (Yurman Decl. ¶ 27)

Dated: New York, New York
      June 13, 2008

ARNOLD & PORTER LLP

By:    _____

       Louis S. Ederer
       John Maltbie
       Matthew T. Salzmann
       399 Park Avenue
       New York, NY 10022
       (212) 715-1000

       *Attorneys for Plaintiffs*