**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------- x
                                                                :
YURMAN STUDIO, INC. and YURMAN                                  :    Civil Action No. 07-1241 (SAS)(HP)
DESIGN, INC.,                                                   :    (Action No. 1)
                                                                :
            Plaintiffs/Counter-Defendants,                      :
                                                                :
      - against -                                               :
                                                                :
ELENA CASTANEDA and EJEWELER LLC                                :
d/b/a OVERSTOCKJEWELER.COM,                                     :
                                                                :
            Defendants/Counter-Plaintiffs.                      :
                                                                :
-------------------------------------------------------------- x
-------------------------------------------------------------- x
                                                                :
CARTIER, a division of RICHEMONT NORTH                          :    Civil Action No. 07-7862 (SAS)(HP)
AMERICA, INC., CARTIER INTERNATIONAL,                           :    (Action No. 2)
N.V., CARTIER CREATION STUDIO, S.A., VAN                        :
CLEEF & ARPELS S.A., VAN CLEEF &                                :
ARPELS, INC., VAN CLEEF & ARPELS                                :
DISTRIBUTION, INC., GUCCI AMERICA, INC.,                        :
and BULGARI S.p.A.,                                             :
                                                                :
            Plaintiffs,                                         :
                                                                :
      - against -                                               :
                                                                :
ELENA CASTANEDA and EJEWELER LLC                                :
d/b/a OVERSTOCKJEWELER.COM,                                     :
                                                                :
            Defendants.                                         :
                                                                :
-------------------------------------------------------------- x

**DECLARATION OF LOUIS S. EDERER, ESQ. IN OPPOSITION TO**
**DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

**EXHIBIT D**

COPYRIGHT
OFFICE     DW/rc-d

January 26, 2007



YURMAN STUDIOS INC
ATTN: SUSAN SPAGNA
24 VESTRY STREET
NEW YORK    NY   10013

      Control Number: 61-406-8480(Y)
      Re:    Pearl Collection I - 2005; Pearl Collection II - 2005: Quatrefoil Collection I
           - 2005; Renaissance Collection IV - 2005; Renaissance Collection VI -
           2005 and Renaissance Collection VII - 2005

LIBRARY
OF
CONGRESS

Dear Ms. Spagna:

      I apologize for the long delay in writing to you about these works. I have
completed registration for these collections of published jewelry designs; the certificates
are being mailed under separate cover. I are writing to warn you about the copyright
protection given to the individual works in the collections.

      Copyright protects original works of authorship that are fixed in some physical
form. See 17 USC §102(a). As used in the copyright context, the term "original" means
that the work was independently created by the author (as opposed to copied from other
works), and that it possesses at least a minimal degree of creativity. See *Feist
Publications v. Rural Telephone Service Co.*, 499 U.S. 340 (1991).

      To satisfy these requirements, a work of the visual arts must contain a minimum
amount of pictorial, graphic or sculptural authorship. Copyright does not protect familiar
symbols or designs; basic geometric shapes; words and short phrases such as names,
titles, and slogans; or mere variations of typographic ornamentation, lettering or coloring.
See 37 C.F.R. §202.1. Further, copyright does not extend to any idea, concept, system, or
process which may be embodied in a work. 17 U.S.C. §102(b).

      Neither the aesthetic appeal or commercial value of a work, nor the amount of
time and effort expended to create a work are factors that are considered under the
copyright law. See *Bleistein v. Donaldson*, 188 U.S. 239 (1903); *Feist Publications v.
Rural Telephone Service Co.*, 499 U.S. 340 (1991). The question is whether there is
sufficient creative authorship within the meaning of the copyright statute and settled case
law.

      Copyright Office regulations state at 37 C.F.R. §202.3 that, for any published
work, registration extends to "all copyrightable elements that are otherwise recognizable
as self-contained works, that are included in a single unit of publication, and in which the
copyright claimant is the same."

Washington
.C.
20559-6000

YURMAN0109

YURMAN STUDIOS INC
NEW YORK   NY   10013

Control No. 61-406-8480(Y)
January 26, 2007

These are collections of individual works which were apparently published as single units. Registration has been made because at least one work in each collection would support an independent claim to copyright. Some of the works, if considered separately, would not support an independent claim and would not be protected by copyright.

Re: Pearl Collection III - 2005; Renaissance Collection I - 2005; Renaissance Collection II - 2005; Renaissance Collection III - 2005; Renaissance Collection V - 2005; Quatrefoil Collection II - 2005 and Quatrefoil Collection III - 2005

We cannot register these works because they lack the authorship necessary to support a copyright claim.

Copyright protects original works of authorship that are fixed in some physical form. See 17 U.S.C. §102(a). As used in the copyright context, the term "original" means that the work was independently created by the author (as opposed to copied from other works), and that it possesses at least a minimal degree of creativity. See *Feist Publications v. Rural Telephone Service Co.*, 499 U.S. 340 (1991).

To satisfy these requirements, a work of the visual arts must contain a minimum amount of pictorial, graphic or sculptural authorship. Copyright does not protect familiar symbols or designs; basic geometric shapes; words and short phrases such as names, titles, and slogans; or mere variations of typographic ornamentation, lettering or coloring. See 37 C.F.R. §202.1. Further, copyright does not extend to any idea, concept, system, or process which may be embodied in a work. 17 U.S.C. §102(b).

Neither the aesthetic appeal or commercial value of a work, nor the amount of time and effort expended to create a work are factors that are considered under the copyright law. See *Bleistein v. Donaldson*, 188 U.S. 239 (1903); *Feist Publications v. Rural Telephone Service Co.*, 499 U.S. 340 (1991). The question is whether there is sufficient creative authorship within the meaning of the copyright statute and settled case law.

After careful consideration, we have determined that these particular works will not support a claim to copyright under the standards described above. Therefore we cannot issue the registrations which you requested. The copyright law requires that we retain the deposits of these works. 17 U.S.C. §704(a). The nonrefundable filing fees have been applied to administrative costs.

Finally, I'm returning the three remittance checks I mentioned in my recent conversation with Dana DiPiola. Payment had been stopped on one and the other two became state-dated.

YURMAN0110

FILE COPY

OPYRIGHT
FFICE

ALR/rr-g

March 14, 2007



GUCCI AMERICA INC
ATTN: JONATHAN MOSS
685 FIFTH AVE
NEW YORK NY 10022

     Control Number: 61-500-1736(G)
     Re:   SPRING SUMMER 2007 JEWELRY COLLECTION

Dear Mr. Moss:

BRARY
ı
ONGRESS

     We have completed registration for this collection of published works; the certificate is being mailed under separate cover. We are writing to warn you about the copyright protection given to the individual works in the collection.

     Copyright protects original works of authorship that are fixed in some physical form. See 17 USC §102(a). As used in the copyright context, the term "original" means that the work was independently created by the author (as opposed to copied from other works), and that it possesses at least a minimal degree of creativity. See *Feist Publications v. Rural Telephone Service Co.*, 499 U.S. 340 (1991).

ıshington
͟.
i59-6000

     To satisfy these requirements, a work of the visual arts must contain a minimum amount of pictorial, graphic or sculptural authorship. Copyright does not protect familiar symbols or designs; basic geometric shapes; words and short phrases such as names, titles, and slogans; or mere variations of typographic ornamentation, lettering or coloring. See 37 C.F.R. §202.1. Further, copyright does not extend to any idea, concept, system, or process which may be embodied in a work. 17 U.S.C. §102(b).

     Neither the aesthetic appeal or commercial value of a work, nor the amount of time and effort expended to create a work are factors that are considered under the copyright law. See *Bleistein v. Donaldson*, 188 U.S. 239 (1903); *Feist Publications v. Rural Telephone Service Co.*, 499 U.S. 340 (1991). The question is whether there is sufficient creative authorship within the meaning of the copyright statute and settled case law.

     Copyright Office regulations state at 37 C.F.R. §202.3 that, for any published work, registration extends to "all copyrightable elements that are otherwise recognizable as self-contained works, that are included in a single unit of publication, and in which the copyright claimant is the same."

     This is a collection of individual works which were apparently published as a single unit. Registration has been made because at least one work in the collection would support an independent claim to copyright. Some of the individual works., if considered

GUCCI AMERICA INC
NEW YORK NY 10022

Control No. 61-500-1736(G)
March 14, 2007

separately, would not support an independent claim and would not be protected by copyright.

This letter is for your information only; no response is necessary.

Sincerely,
Allan Runge, Examiner
Visual Arts Section
    By:

Enclosures:
  Circulars 31, 96 Sec. 202.1, 96 Sec. 202.3

-3-

YURMAN STUDIOS INC
NEW YORK   NY   10013

Control No. 61-406-8480(Y)
January 26, 2007

*For more information on copyright, please see the enclosed circulars, as well as*
*our website located at www.copyright.gov.*

Sincerely,
Debby B. Weinstein
Supervisory Examiner
Visual Arts Section
By:

Enclosures:
Circulars 31, 96 Sec. 202.1, 96 Sec. 202.3
SL-4a (Reconsideration Procedure

YURMAN0111