UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x

| | |
|---|---|
| YURMAN STUDIO, INC. and YURMAN DESIGN, INC., | Civil Action No. 07-1241 (SAS)(HP) (Action No. 1) |
| Plaintiffs/Counter-Defendants, | |
| - against - | |
| ELENA CASTANEDA and EJEWELER LLC d/b/a OVERSTOCKJEWELER.COM, | |
| Defendants/Counter-Plaintiffs. | |

------------------------------------------------------------ x
------------------------------------------------------------ x

| | |
|---|---|
| CARTIER, a division of RICHEMONT NORTH AMERICA, INC., CARTIER INTERNATIONAL, N.V., CARTIER CREATION STUDIO, S.A., VAN CLEEF & ARPELS S.A., VAN CLEEF & ARPELS, INC., VAN CLEEF & ARPELS DISTRIBUTION, INC., GUCCI AMERICA, INC., and BULGARI S.p.A., | Civil Action No. 07-7862 (SAS)(HP) (Action No. 2) |
| Plaintiffs, | |
| - against - | |
| ELENA CASTANEDA and EJEWELER LLC d/b/a OVERSTOCKJEWELER.COM, | |
| Defendants. | |

------------------------------------------------------------ x

**DECLARATION OF BHARAT DUBE, ESQ. IN OPPOSITION TO
DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

BHARAT DUBE, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury that

the following is true and correct to the best of his knowledge:

1. I am Senior Counsel and Head of Intellectual Property Enforcement for

Richemont International, S.A, Switzerland. I help lead a group which is responsible for the



1

worldwide enforcement of intellectual property rights of the Richemont brands, including the CARTIER brand. I make this declaration in opposition of Defendants' motion for partial summary judgment dismissing Cartier's copyright infringement claims based on French copyright protection.

2. I have been informed that Defendants seek summary judgment with respect to Cartier's copyright infringement claims based on French copyright protection, on the ground that the individual internal Cartier designers who contributed to the creation of the copyrighted designs at issue, and not Cartier, own the copyrights in such works under French copyright law.

3. As explained in Professor Binctin's declaration, a copy of which is attached hereto as Exhibit A, the copyrighted designs at issue and created by Cartier's internal design team are considered collective works ("*oeuvre collective*") under the French Intellectual Property Code. Accordingly, as a matter of French law, Cartier owns the copyright in these designs from their creation.

4. Moreover, as Head of Intellectual Property Enforcement for Cartier, I am aware that all internal designers employed by Cartier in France are required to enter into written employment contracts which, although not required under French (and/or Swiss) law, expressly state that all designs they work on at Cartier are collective works that are the property of Cartier. As a further precautionary measure, such employment contracts also state that, in the event it may become necessary, Cartier designers must assign and transfer to Cartier any and all intellectual property rights they may be deemed to have in any of the designs they have worked on while employed by Cartier. An example of Cartier's former standard employment contract for designers (until the establishment, in 2005, of Cartier Creation Studio S.A., Switzerland), as well as an English translation thereof, are attached hereto as Exhibit B. An example of Cartier's

current standard employment contract for designers (following the establishment of Cartier Creation Studio S.A., Switzerland), as well as an English translation thereof, are attached hereto as Exhibit C.

DECLARED UNDER PENALTY OF PERJURY THIS 30th DAY OF June, 2008.

_____
Bharat Dube, Esq.