UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x

YURMAN STUDIO, INC. and YURMAN DESIGN, INC.,

        Plaintiffs/Counter-Defendants,

- against -

ELENA CASTANEDA and EJEWELER LLC d/b/a OVERSTOCKJEWELER.COM,

        Defendants/Counter-Plaintiffs.

Civil Action No. 07-1241 (SAS)(HP)
(Action No. 1)

------------------------------------------------------------ x
------------------------------------------------------------ x

CARTIER, a division of RICHEMONT NORTH AMERICA, INC., CARTIER INTERNATIONAL, N.V., CARTIER CREATION STUDIO, S.A., VAN CLEEF & ARPELS S.A., VAN CLEEF & ARPELS, INC., VAN CLEEF & ARPELS DISTRIBUTION, INC., GUCCI AMERICA, INC., and BULGARI S.p.A.,

        Plaintiffs,

- against -

ELENA CASTANEDA and EJEWELER LLC d/b/a OVERSTOCKJEWELER.COM,

        Defendants.

Civil Action No. 07-7862 (SAS)(HP)
(Action No. 2)

------------------------------------------------------------ x

**DECLARATION OF FREDERIC GILBERT-ZINCK IN OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

    FREDERIC GILBERT-ZINCK, pursuant to 28 U.S.C. §1746, declares under penalty of perjury that the following is true and correct to the best of his knowledge:

    1.    I am the General Secretary of Van Cleef & Arpels International, S.A.S. ("VCA"), a French corporation based in Paris, France. I have been employed by VCA in various capacities

since 1991, and have held high-level management positions since 1999. In my current position, I am responsible for all administrative and business operational matters for the company.

2. I make this declaration to clarify and expand upon my prior deposition testimony in this matter concerning the creation of VCA's Envol ring (an image of which is depicted below):



3. I have been informed that Defendants are relying on my prior deposition testimony in this action to contend that certain individual designers who work for or have been retained by VCA, and not VCA, own the copyrights in certain VCA jewelry designs.

4. Specifically, I understand that Defendants are asserting that because I testified that Madame Anne Carbarbaye was the "creator" of the Envol ring, this establishes that she, and not VCA, owns the French copyright in the VCA Envol ring. This is not the case.

5. VCA's designs are created and developed by either a team of internal designers or an external designer. The VCA Envol ring was created by an external designer, Madame Carbarbaye, pursuant to a marketing brief provided by VCA, in 2000. All external designers are required to assign the intellectual property rights to VCA.

6. Since Madame Carbarbaye was not employed by VCA and was not a member of VCA's internal design team, VCA made sure that all intellectual property rights associated with the VCA Envol ring were transferred to Van Cleef & Arpels Logistics (now known as Van Cleef

2

& Arpels S.A.) pursuant to a comprehensive intellectual property assignment (*Contract De Cession De Droits De Propriete Intellectuelle*) dated June 15, 2001. A copy of the assignment agreement, along with an English translation thereof, is attached hereto as Exhibit A. Notably, an image of the VCA Envol ring is annexed to the assignment agreement.

7. I take this opportunity to point out that the stamp appearing on the bottom right hand corner of the page containing the image of the VCA Envol ring, which refers to an entity called Van Cleef & Arpels International, is used for administrative purpose only, and is not intended to indicate that Van Cleef & Arpels International owns any intellectual property rights in the VCA Envol ring. As clearly set forth in the assignment agreement (*see* Ex. A), all intellectual property rights associated with the VCA Envol ring were transferred to the plaintiff company Van Cleef & Arpels Logistics (now known as Van Cleef & Arpels S.A.).

8. Although VCA is not asserting any other copyright infringement claims against Defendants in this action, I further understand that Defendants are contending that certain other VCA designs were designed by, and are owned by, individual designers, including designers who are or were employed by VCA. This is not only incorrect, but entirely inconsistent with my deposition testimony.

9. As I explained at my deposition, when a jewelry design is created internally within VCA, the design process is a collective effort that involves input from all of the designers on VCA's internal design team.

10. In particular, when I was asked by Defendants' counsel who created a certain ring from VCA's Modern Alhambra collection, I testified that the creator was Madame Isabelle Guichot, the then President of VCA. In follow-up questioning, I explained that Madame Guichot was simply the individual who provided the internal VCA design team with the "impulse" for

creating the design, and that the physical manifestation of Madame Guichot's "impulse" was the result of a collective effort by the entire internal VCA design team. Excerpts from the transcript of my March 27, 2008 deposition are attached hereto as Exhibit B.

11.     Furthermore, when questioned generally about who was responsible for the creation and design of other VCA jewelry pieces, including various pieces in VCA's Byzantine Alhambra and Vintage Alhambra collections, I explained that I did not know because such designs were the result of "team work inside of Van Cleef & Arpels". *See* Ex. B.

12.     Finally, as General Secretary, I am aware that all internal designers employed by VCA are required to enter into written employment contracts that, although not required under French law, expressly acknowledge that all designs they work on at VCA are collective works that are the property of VCA.

*    *    *

DECLARED UNDER PENALTY OF PERJURY THIS 27th DAY OF June, 2008.

_____
Frederic Gilbert-Zinck