**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x
                                   :

| | | |
|---|---|---|
| YURMAN STUDIO, INC. and YURMAN DESIGN, INC., | : | Civil Action No. 07-1241 (SAS)(HP) (Action No. 1) |
| | : | |
| Plaintiffs/Counter-Defendants, | : | |
| | : | |
| - against - | : | |
| | : | |
| ELENA CASTANEDA and EJEWELER LLC d/b/a OVERSTOCKJEWELER.COM, | : | |
| | : | |
| Defendants/Counter-Plaintiffs. | : | |

------------------------------------------------------------ x
------------------------------------------------------------ x

| | | |
|---|---|---|
| CARTIER, a division of RICHEMONT NORTH AMERICA, INC., CARTIER INTERNATIONAL, N.V., CARTIER CREATION STUDIO, S.A., VAN CLEEF & ARPELS S.A., VAN CLEEF & ARPELS, INC., VAN CLEEF & ARPELS DISTRIBUTION, INC., GUCCI AMERICA, INC., and BULGARI S.p.A., | : | Civil Action No. 07-7862 (SAS)(HP) (Action No. 2) |
| | : | |
| Plaintiffs, | : | |
| | : | |
| - against - | : | |
| | : | |
| ELENA CASTANEDA and EJEWELER LLC d/b/a OVERSTOCKJEWELER.COM, | : | |
| | : | |
| Defendants. | : | |

------------------------------------------------------------ x

**DECLARATION OF FREDERIC GILBERT-ZINCK IN OPPOSITION TO**
**DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

**EXHIBIT B**

## CONTRAT DE CESSION DE DROITS DE PROPRIETE INTELLECTUELLE

**ENTRE LES SOUSSIGNES :**

La Société **VAN CLEEF & ARPELS LOGISTICS**, Société Anonyme de droit suisse au capital de 27.000.000 de francs suisses dont le siège social est 8, route de Chandolan 1752 VILLARS-SUR-GLANE - SUISSE , représentée aux fins des présentes par VAN CLEEF & ARPELS INTERNATIONAL, Société par Actions Simplifiée au capital de 39.000 Euros, immatriculée au RCS de Paris sous le numéro B 425 118 098, ayant son siège social 26/28 rue Danielle Casanova 75002 PARIS, elle-même représentée par sa Présidente Madame Isabelle GUICHOT,

*Ci-après dénommée « VCA »*

**D'UNE PART,**

**ET,**

**Mademoiselle Anne CABARBAYE**, née le 29 septembre 1972 à Versailles (78), de nationalité française, domiciliée à VAUX-SUR-SEINE (78740), 14 rue du Général de Gaulle, immatriculée à l'URSSAF Paris Région Parisienne en qualité de travailleur indépendant Code APE 923 A (activités artistiques) sous le numéro Siren 430 058 297

*Ci-après dénommée « Le Créateur »*

**D'AUTRE PART,**

**IL A PREALABLEMENT ETE EXPOSE CE QUI SUIT :**

Le Créateur et VCA ont conclu le 14 juin 2001 un contrat au terme duquel VCA a confié au Créateur la mission de lui fournir notamment une série de 24 Dessins de modèles de joaillerie, bijouterie et horlogerie sur un thème "Libre Expression selon la charte stylistique « VCA »".

A la date de signature des présentes, 4 dessins sur 24 ont d'ores et déjà été sélectionnés par VCA (ci-après les *« Dessins »*).

Le prix de cession des Dessins a d'ores et déjà été réglé par VCA en paiement d'une facture de Madame CABARBAYE numéro 02/01 du 26 janvier 2001 mentionnant les Dessins par "4 dessins thème "Libre Expression"".

En exécution du contrat précité, les parties entendent régulariser dès à présent la cession des 4 Dessins et des droits de propriété intellectuelle y afférent intervenue au profit exclusif de VCA.

Chacun des Dessins sélectionnés a fait l'objet d'un dépôt à l'Etude de Maître BUFFET, huissier de justice à Paris (75012) – 45, rue de Lyon et une copie est jointe en annexe 1.

Le présent contrat a, en conséquence, pour objet de régulariser formellement la cession intervenue desdits Dessins et des droits de propriété intellectuelle y afférent en exécution du contrat de création ci-dessus rappelé, les Dessins étant individualisés du fait de leur acceptation par VCA, étant observé que VCA ignore, au moment de la conclusion du présent contrat, si, et selon quelles modalités, les Dessins feront l'objet d'une exploitation et/ou si des modèles établis sur la base des Dessins (ci-après dénommés les *« Modèles »*) seront réalisables d'un point du vue technique et à des conditions économiques adéquates.

**IL A EN CONSEQUENCE ETE CONVENU CE QUI SUIT :**

**ARTICLE 1 : OBJET DU CONTRAT**

Le Créateur confirme avoir cédé à titre exclusif à VCA à la date figurant sur les Dessins joints en annexe 1, les droits patrimoniaux de propriété intellectuelle tels qu'ils sont définis à l'article 2 ci-après, afférents aux 4 Dessins qui figurent en annexe 1 au présent contrat.

2

La cession susvisée des droits patrimoniaux de propriété intellectuelle est consentie pour le monde entier et pour la durée de protection légale telle que déterminée d'après les législations actuelles et futures applicables dans chaque pays.

## ARTICLE 2 : ETENDUE DE LA CESSION

**2.1.**

Les droits cédés et définis à l'article 2.2 ci-après sont cédés pour le domaine de la joaillerie, l'horlogerie et la bijouterie, et ne sont pas limités à la première reproduction et à la première représentation des Dessins ni des Modèles qui en sont issus.

VCA pourra, en conséquence, faire usage des Dessins et des Modèles qui en sont issus autant de fois qu'elle le désirera, pendant toute la durée de la protection, sans qu'une obligation d'exploitation des Dessins ou des Modèles qui en sont issus puisse être mise à sa charge.

**2.2.**

Le droit de reproduction comprend notamment :

- le droit de fabriquer et/ou faire fabriquer à partir des Dessins, des Modèles de joaillerie, bijouterie et horlogerie ;

- le droit de reproduire et/ou faire reproduire les Dessins ainsi que les Modèles qui en sont issus suivant quelque matière que ce soit, par tout procédé et sur tout support actuel ou futur, et notamment : graphique, magnétique, numérique ou électronique (interactif ou non) quelle qu'en soit la taille ou le format, dans le but de la fabrication de Modèles de joaillerie, horlogerie et bijouterie et/ou en vue de la promotion et/ou de la publicité de ces Modèles et/ou de la marque « VAN CLEEF & ARPELS » ;

- le droit de mettre en circulation dans le monde entier, des originaux ou copies des Modèles de joaillerie, horlogerie et bijouterie fabriqués à partir des Dessins, pour toute distribution (à titre gratuit ou onéreux), et toutes communications au public par les modes de représentation définis ci-après ; et ce, quelle qu'en soit la destination.

**2.3.**

Le droit de représentation comprend notamment :

Le droit de communiquer au public les Dessins, les Modèles qui en sont issus et/ou leurs adaptations, par tout procédé de représentation, connu ou inconnu à ce jour, projection publique ou non, télédiffusion, quelque soit les modalités de cette communication (gratuite ou payante) et quelque en soit le vecteur et notamment par voie hertzienne, câble, satellite ainsi que par tout réseau, dont Internet, et plus généralement par tout moyen de transmission de données numérisées ou non, dans le seul but de promotion et de publicité des Modèles réalisés à partir des Dessins et/ou de la marque « VAN CLEEF & ARPELS ».

Les communications au public susvisées s'entendent sur tout support, en tout format, soit directement, soit par l'intermédiaire de tiers et ce, tant dans les secteurs publics que privés, en vue de la réception collective et/ou domestique.

**2.4.**

Dans l'hypothèse où VCA souhaiterait réaliser une adaptation de l'un des Dessins, ou des Modèles déclinés, dont les droits sont cédés par les présentes, elle confiera cette adaptation au Créateur et un nouveau contrat de création sera signé entre les parties, ce contrat prévoyant une rémunération spécifique pour le travail d'adaptation effectué par le Créateur.

La cession des droits d'auteur du Créateur sur l'adaptation qui sera acceptée par VCA s'effectuera dans les conditions prévues d'un commun accord, et donnera lieu à la régularisation d'un nouveau contrat de cession de droits d'auteur.

Toutefois, les parties conviennent que VCA sera autorisée à réaliser des déclinaisons à partir des dessins dont les droits sont cédés par le présent contrat, c'est-à-dire, faire fabriquer des modèles dans des couleurs, des dimensions et des matières différentes de celles initialement prévues par le Créateur, ou faire réaliser des modifications afin de rendre la fabrication du modèle à partir du Dessin compatible avec des impératifs techniques.

Ces déclinaisons, destinées à permettre à VCA d'exploiter et de commercialiser les Dessins et les Modèles qui en sont issus, conformément aux usages de la profession, ne pourront être interprétées comme autorisant VCA à porter atteinte au droit moral du Créateur.

**2.5.**

Eu égard à la destination décrite ci-dessus, le Créateur renonce expressément à voir figurer ses noms et pseudonymes sur les Dessins et les Modèles qui en sont issus. Toutefois, sous réserve de l'acceptation préalable du Créateur, VCA dispose de la faculté d'indiquer les noms et pseudonymes du Créateur en qualité d'auteur des Dessins.

**2.6.**

Les droits cédés comprennent également le droit pour VCA d'obtenir la protection des Dessins et des Modèles dans tout pays, en son propre nom ou au nom d'une tierce partie de son choix, au moyen de tout droit de propriété intellectuelle et de toute protection, qu'elle pourra choisir, dans les limites toutefois des droits cédés par le présent contrat.

## ARTICLE 3 : CESSION DE LA PROPRIETE MATERIELLE DES DESSINS

Le Créateur cède à VCA, à compter de l'acceptation par cette dernière des Dessins, la propriété matérielle des originaux des Dessins, ainsi que les notes techniques destinées à leur réalisation.

## ARTICLE 4 : PRIX

En contrepartie de la cession des Droits de propriété intellectuelle et de la propriété matérielle des Dessins, VCA verse au Créateur la somme forfaitaire et définitive de quarante mille francs (40.000 FF.) nette de toutes taxes, soit dix mille francs (10.000 FF) par Dessin, réglée par virement bancaire.

Le Créateur reconnaît que le prix prévu au présent article lui a été réglé par VCA en paiement d'une facture du Créateur numéro 02/01 du 26 janvier 2001.

## ARTICLE 5 : DECLARATION ET GARANTIE

**5.1.**

Le Créateur déclare et garantit à VCA qu'il est l'unique créateur des Dessins et que les Dessins sont originaux et ne contiennent aucun élément susceptible de porter atteinte à des droits de tiers et qu'il n'a pas déposé les Dessins au titre de la protection des dessins et modèles.

**5.2.**

Le Créateur confirme et garantit qu'il n'a ni fabriqué, ni fait fabriquer les Dessins ou des produits ayant les Dessins pour base ou pour élément, que les Dessins n'ont été ni

vendus, ni fait l'objet d'aucune licence ou concession de droit quelconque et qu'à sa connaissance, il n'existe aucun fait matériel ou juridique susceptible de porter atteinte ou de restreindre de quelque manière que ce soit les Droits d'Auteur ni l'exploitation des Dessins et des Modèles par VCA.

**5.3.**

Le Créateur s'engage à apporter à VCA toute assistance afin de lui permettre d'établir sa titularité des droits de propriété intellectuelle sur les Dessins.

Notamment le Créateur s'engage irrévocablement à l'égard de VCA ou de ses ayants-droits à signer tous documents nécessaires, afin de permettre à VCA de faire protéger par tous moyens les Dessins et les produits en découlant, créés par lui et ce, dans le monde entier.

## **ARTICLE 6 : LOI APPLICABLE**

Le présent contrat est soumis au droit français et sera interprété conformément à la loi française.

Tout différend relatif à l'interprétation ou à l'exécution du présent contrat sera soumis aux Tribunaux compétents du ressort de la Cour d'Appel de Paris.

Fait à Paris
Le 15 juin 2001
En deux exemplaires originaux, dont un est remis à chacune des parties qui le reconnaît.

VAN CLEEF & ARPELS LOGISTICS                Madame Anne CABARBAYE

## LISTE DES DOCUMENTS ANNEXES

**ANNEXE 1 :**        Dessins acceptés par VCA

**VAN CLEEF & ARPELS INTERNATIONAL**

S.A.S. au capital de 39 000 Euros
26/28, rue danielle casanova
75002 PARIS
RCS PARIS B 425 118-098 - NAF 748 K

| Projet : SH | Dessin : Ae |
|---|---|
| Le : 31/7/00 | |
| Enregistré le : 15/5/00 | |
| Acceptation le : 16/8/00 | |

### CONTRACT FOR ASSIGNMENT OF
### INTELLECTUAL PROPERTY RIGHTS

**BETWEEN THE UNDERSIGNED:**

**VAN CLEEF & ARPELS LOGISTICS,** a public limited company under Swiss law with a capital of 27,000,000 Swiss Francs, with registered office at 8, route de Chandolan 1752 VILLARS-SUR-GLANE – SWITZERLAND, represented for the purposes of this contract by VAN CLEEF & ARPELS INTERNATIONAL, a simplified joint stock company with a capital of 39,000 Euros, entered in the Paris Register of Companies under number B 425 118 098, with registered office at 26/28 rue Danielle Casanova 75002 PARIS, represented by its Chief Executive Officer Mrs. Isabelle GUICHOT.

*Hereinafter referred to as "VCA"*

**OF THE ONE PART**

**AND**

**Ms. Anne CABARBAYE,** born on 29 September 1972 in Versailles (78), of French nationality, residing at VAUX-SUR-SEINE (78740), 14 rue du Général de Gaulle, registered with Paris URSSAF (French social security contribution collection agency), the Paris region, as self-employed, APE Code (main activity of the company) 923 A (artistic business) under Siren number 430 058 297

*Hereinafter referred to as "The Designer"*

**OF THE OTHER PART**

[initials]

**WHEREAS:**

On 14 June 2001 the Designer and VCA concluded a contract under the terms of which VCA granted the Designer the task of supplying VCA notably with a series of 24 Designs of jewellery and watch models on the theme "Free Expression in accordance with VCA's stylistic charter".

On the date of signing this contract, 4 designs out of 24 have already been selected by VCA (hereinafter the "*Designs*").

The purchase price of the Designs has already been paid by VCA by payment of an invoice from Ms. CABARBAYE number 02/01 of 26 January 2001 which makes references to the Designs as "4 designs "Free Expression" theme".

Pursuant to the aforementioned contract, the parties intend to henceforth formalise the assignment of 4 Designs and the related intellectual property rights which has been made in favour of VCA exclusively.

Each of the selected Designs has been filed at the Office of Mr. BUFFET, a bailiff in Paris (75012) – 45, rue de Lyon and a copy is appended in annex 1.

Therefore, the purpose of this contract is to formalise the assignment of the aforementioned Designs and the related intellectual property rights pursuant to the design contract referred to above, the Designs are distinguished by the fact that they have been accepted by VCA, it being noted that at the time of this contract being concluded VCA does not know if, and in what way, the Designs will be used and/or if the models made on the basis of the Designs (hereinafter called the "*Models*")will be workable from a technical point of view and under adequate economic conditions.

**IT WAS THEREFORE AGREED AS FOLLOWS:**

**CLAUSE 1: OBJECT OF THE CONTRACT**

The Designer confirms that on the date appearing on the Designs appended in annex 1 she assigned exclusively to VCA the intellectual property rights as defined in clause 2 below, relating to the 4 Designs which appear in annex 1 of this contract.

2
[initials]

The aforementioned assignment of intellectual property rights is granted for the whole world and for the period of legal protection as determined by current and future laws applicable in each country.

## CLAUSE 2: SCOPE OF ASSIGNMENT

**2.1**

The rights assigned and defined in clause 2.2 below are assigned for the field of jewellery and watch making, and are not limited to the first reproduction and representation of the Designs or the resulting Models.

As a consequence, VCA may make use of the Designs and resulting Models as many times as it wishes, throughout the period of protection, without any obligation to use the Designs or Models being able to be imposed on it.

**2.2.**

The reproduction right notably includes:

- the right to make, and/or have made, jewellery or watch Models based on the Designs;

- the right to reproduce and/or have reproduced Designs in addition to the resulting Models in any way whatsoever, by any process and on any current or future device, particularly: graphic, magnetic, digital or electronic devices (interactive or not) whatever the size or format, with the aim of manufacturing jewellery and watch Models and/or with a view to the promotion and/or advertising of these Models and/or the brand "VAN CLEEF & ARPELS";

- the right to put into circulation throughout the world originals or copies of the jewellery and watch Models made from the Designs, for any distribution (for free or for payment), and any communications to the public by the means of representation defined below, whatever the purpose.

**2.3.**

Right of representation notably includes:

[initials]

The right to communicate to the public the Designs, the resulting Models and/or their adaptations, by any representation process, known or unknown to date, whether this is public or non-public projection, broadcasting, whatever the methods of communication (free or paying) and whatever the medium and notably by radio-relay channel, cable, satellite as well as by any network, including the Internet, and more generally by any means of transmission of digital or non-digital data, with the sole aim of promoting and advertising the Models made based on the Designs and/or the "VAN CLEEF & ARPELS" brand.

The communications to the public mentioned above may be carried out on any device, in any format, whether directly or through a third party and both in public and private sectors, with a view to collective and/or domestic reception.

**2.4.**

In the event that VCA wants to make an adaptation of one of the declined Models or Designs, the rights to which are assigned by this contract, it will grant this adaptation work to the Designer and a new design contract will be signed between the parties. This contract will provide for a specific payment for the adaptation work carried out by the Designer.

The assignment of the Designer's copyrights regarding the adaptation which will be accepted by VCA shall be carried out under the conditions provided for by a mutual agreement, and will give rise to the formalisation of a new assignment of copyright contract.

However, the parties hereby agree that VCA will be authorised to carry out variations based on the designs, the rights for which are assigned by this contract, that is to say, have models made in colours, sizes and materials which are different from those initially planned by the Designer, or have changes made in order to make the making of the model based on the Design compatible with technical requirements.

These variations, intended to allow VCA to use and market the Designs and resulting Models, in accordance with professional usage, cannot be interpreted as authorising VCA to infringe upon the Designer's moral rights.

**2.5.**

In view of the purpose described above, the Designer explicitly renounces having her name and pseudonyms appear on the Designs and resulting Models. However, subject to prior acceptance by the Designer, VCA has the ability to indicate the Designer's names and pseudonyms in the capacity of creator of the Designs.

[initials]

**2.6**

The assigned rights also include the right for VCA to obtain protection of the Designs and Models in all countries, on its own behalf or on behalf of a third-party of its choice, by means of any intellectual property right and any protection, which it may choose, within however the limits of the rights assigned by this contract.

## CLAUSE 3: ASSIGNMENT OF THE PHYSICAL PROPERTY OF THE DESIGNS

The Designer hereby assigns to VCA, from the moment that the latter accepts the Designs, the physical property of the original copies of the Designs, in addition to the technical notes for making them.

## CLAUSE 4: PRICE

In return for the assignment of Intellectual Property Rights and the physical property of the Designs, VSA shall pay the Designer a definitive lump sum of net of all tax, that is                              per Design, paid by bank transfer.

The Designer acknowledges that the price provided for in this clause has been paid to her by payment of the Designer's invoice number 02/01 of 26 January 2001.

## CLAUSE 5: DECLARATION AND GUARANTEE

**5.1.**

The Designer hereby declares and guarantees to VCA that she is the sole creator of the Designs and that the Designs are original and do not contain any element which is likely to infringe upon the rights of third-parties and that she has not filed the Designs with regard to protection of designs and models.

**5.2.**

The Designer hereby confirms and guarantees that she has neither manufactured nor had manufactured the Designs or products which are based on the Designs or have them as an element, and that the Designs have neither been

[initials]

sold nor the subject of any license or granting of rights of any kind and that to her knowledge, there is no physical or legal fact likely to infringe upon or restrict in anyway whatsoever the Copyrights or the use of the Designs and Models by VCA.

**5.3**

The Designer shall undertake to assist VCA in order to enable it to establish its ownership of the intellectual property rights regarding the Designs.

In particular the Designer hereby undertakes irrevocably, with regard to VCA or its assigns, to sign any necessary documents, in order to enable VCA to have the Designs and the resulting products created by her protected by any means, and for this to be throughout the world.

## ARTICLE 6: APPLICABLE LAW

This contract is subject to French law and shall be interpreted in accordance with French law.

Any disagreement relating to the interpretation or execution of this contract shall be submitted to the competent Courts of the Paris Court of Appeal.


Issued in Paris
On 15 June 2001
In two original copies, one of which is issued to each of the parties who acknowledge this.


_____[signature]_____    _____[signature]_____

6
[initials]

## <u>LIST OF APPENDED DOCUMENTS</u>

**ANNEX 1: Designs accepted by VCA**

[initials]

[image]

**VAN CLEEF & ARPELS INTERNATIONAL**
**Limited joint stock company with a capital of 39,000 Euros**
**26/28, rue danielle casanova**
**75002 PARIS**
**Paris Register of Companies B 425 118 098 – NAF (Business subsector ID) No. 748K**

| Project: SH | Design: AC |
|---|---|
| On: 31/7/00 | |
| Registered on: | 15/9/00 |
| Accepted on: | 16/8/00 |

[initials]