UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------- x

YURMAN STUDIO, INC. and YURMAN
DESIGN, INC.,

        Plaintiffs/Counter-Defendants,

- against -

ELENA CASTANEDA and EJEWELER LLC
d/b/a OVERSTOCKJEWELER.COM,

        Defendants/Counter-Plaintiffs.

----------------------------------------------------------------- x
----------------------------------------------------------------- x

CARTIER, a division of RICHEMONT NORTH
AMERICA, INC., CARTIER INTERNATIONAL,
N.V., CARTIER CREATION STUDIO, S.A., VAN
CLEEF & ARPELS S.A., VAN CLEEF &
ARPELS, INC., VAN CLEEF & ARPELS
DISTRIBUTION, INC., GUCCI AMERICA, INC.,
and BULGARI S.p.A.,

        Plaintiffs,

- against -

ELENA CASTANEDA and EJEWELER LLC
d/b/a OVERSTOCKJEWELER.COM,

        Defendants.

----------------------------------------------------------------- x

Civil Action No. 07-1241 (SAS)(HP)
(Action No. 1)

Civil Action No. 07-7862 (SAS)(HP)
(Action No. 2)

**DECLARATION OF MARIA AUGUSTA FIORUZZI IN OPPOSITION TO
DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

MARIA AUGUSTA FIORUZZI, pursuant to 28 U.S.C. 1746, declares under penalty of

perjury that the following is true and correct to the best of her knowledge:

1.       I am a partner in the law firm of de Simone & Partners in Rome, Italy. I am an

Italian Patent and Trademark Attorney and a European Design Attorney. I respectfully submit

this declaration in opposition to defendants' motion for summary judgment dismissing the copyright infringement claims of plaintiff Bulgari S.p.A. ("Bulgari").

2.  Our firm is and for many years has been general outside intellectual property counsel to Bulgari. I personally have been advising Bulgari on intellectual property matters since 1989. Among other things, our firm is responsible for administering Bulgari's intellectual property enforcement program on a worldwide basis. In addition to protecting and enforcing Bulgari's intellectual property rights in Italy, we instruct attorneys in many other countries, including the Untied States, on matters involving the protection and enforcement of Bulgari's valuable intellectual property rights.

3.  Bulgari regularly takes steps to protect its unique and extraordinarily valuable jewelry designs. In addition to our firm's prosecution of copyright registrations for those designs in the Italian Copyright Office, we also regularly instruct U.S. counsel to register copyrights for Bulgari's jewelry designs in U.S. Copyright Office.

4.  Since Bulgari's collections of jewelry design are extensive, and are expanded each and every year, for many years we have followed the approach of registering Bulgari's U.S. copyrights in jewelry designs as "collections," rather than file a separate application for each individual design. This is the approach we followed with respect to the registrations that are the subject of this litigation.

5.  As part of Bulgari's applications to register these "collections" of jewelry designs, we submit, as the supporting deposit material, the particular collection catalog for the collection of designs we are seeking to register. However, it has never been Bulgari's intention to register U.S. copyrights in the catalogs as catalogs; Bulgari is an internationally recognized designer of fine jewelry, not an editor of catalogs. Rather, the purpose of submitting the catalogs is to

demonstrate to the Copyright Office the particular jewelry designs that Bulgari, as the creator and owner of those designs, seeks protection for as part of its "collection" copyright applications.

6.    I understand that defendants in this case are arguing that because Bulgari has indicated on these copyright applications that the nature of the work in question is a "catalog," and the nature of authorship is "text" and "photographs", that his somehow indicates that the applications do not seek to protect Bulgari's copyrights in the jewelry designs depicted in the catalogs. On the contrary, the entire purpose of these applications is, and always has been to protect Bulgari's rights in the jewelry items themselves.

7.    Furthermore, this Court should be aware that in prior efforts by Bulgari to enforce its U.S. copyrights based on these "collection" registrations, the registrations have always been treated as encompassing the jewelry designs that appear in the catalogs, and not just the catalogs themselves. Indeed, it is Bulgari's practice to record its copyright registrations with U.S. Customs, and Bulgari's attorneys often work with U.S. Customs on the seizure or detention of knockoff designs that are being imported into the U.S.

8.    In this regard, in 1993, Bulgari specifically inquired of U.S. Customs as to whether it would, on the basis of a "collection" registration (supported by the catalogs as deposit materials), seize counterfeits and infringements of the individual articles depicted in the catalogs. In response to Bulgari's inquiry, U.S. Customs forwarded a previously issued Headquarters Ruling Letter (copy attached as Ex. A), clearly stating that, under U.S. copyright law, registrations based on catalogs extend protection to the individual jewelry designs depicted in the catalog. Specifically, U.S. Customs stated:

> Often, however, when a single statutory "author" applies for copyright protection for several like works, (eg. a group of songs, poems, or drawings), the author will assemble representations of those works into a volume or "catalogue," rather than applying for

several individual registration certificates. In that situation, the copyright protects not only the arrangement of the works reproduced in the catalogue but the works themselves.

9. Further, based on several of Bulgari's "collection" registrations (supported, again, by catalogs as deposit materials), I am aware that U.S. Customs has actually seized counterfeits and infringements of Bulgari's copyrighted designs.

10. All of the copyright registrations that are at issue in this case were applied for and issued after Bulgari received a copy of the Headquarters Ruling from U.S. Customs stating that the registrations encompass the jewelry designs depicted in the catalogs submitted as deposit materials, and not just the catalogs themselves. Bulgari has relied on this U.S. Customs ruling in continuing to protect and enforce its valuable jewelry designs in this same manner.

11. Moreover, the Court should be aware that in addition to U.S. copyright registrations, Bulgari has also registered each of the designs at issue with the Italian Copyright Office, through the submission of the Italian language versions of the very same catalogs.

* * *

DECLARED UNDER PENALTY OF PERJURY THIS 3rd DAY OF JULY, 2008.

_____
Maria Augusta Fidruzi