UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- x

YURMAN STUDIO, INC. and YURMAN DESIGN, INC.,

        Plaintiffs/Counter-Defendants,

- against -

ELENA CASTANEDA and EJEWELER LLC d/b/a OVERSTOCKJEWELER.COM,

        Defendants/Counter-Plaintiffs.

Civil Action No. 07-1241 (SAS)(HP)
(Action No. 1)

-------------------------------------------------------------- x
-------------------------------------------------------------- x

CARTIER, a division of RICHEMONT NORTH AMERICA, INC., CARTIER INTERNATIONAL, N.V., CARTIER CREATION STUDIO, S.A., VAN CLEEF & ARPELS S.A., VAN CLEEF & ARPELS, INC., VAN CLEEF & ARPELS DISTRIBUTION, INC., GUCCI AMERICA, INC., and BULGARI S.p.A.,

        Plaintiffs,

- against -

ELENA CASTANEDA and EJEWELER LLC d/b/a OVERSTOCKJEWELER.COM,

        Defendants.

Civil Action No. 07-7862 (SAS)(HP)
(Action No. 2)

-------------------------------------------------------------- x

**DECLARATION OF MARIA AUGUSTA FIORUZZI IN OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

**EXHIBIT A**



# DEPARTMENT OF THE TREASURY
## U.S. CUSTOMS SERVICE
### WASHINGTON, D.C.

**ORIGINAL INCOMING FAX**

## FACSIMILE TRANSMISSION COVER SHEET

Date:                June 7, 1993
Page Count:          Three (3)
(including cover sheet)

LP - N.Y.

JUN  8 1993

RECEIVED

TO:     Joe Villapol
        Ladas & Parry
        FAX 212 246-8959
        Phone 212 708-1865

FROM:   Susan F. Wilson
        Attorney,
        Intellectual Property Rights Branch

        United States Customs Service
        Office of Regulations and Rulings
        International Trade Compliance Division

        Telephone: (202) 482-6960
        Facsimile: (202) 482-6943

SUBJECT/Comments:

Please see the attached Headquarters Ruling Letter (732914) regarding Customs protection extended to objects depicted in catalogs. Contact me if you have any questions.



**DEPARTMENT OF THE TREASURY**

U.S. CUSTOMS SERVICE
WASHINGTON, D.C.

CO:R:C:V
732914SFW

Mr. Michael J. Sweedler
Darby & Darby
805 Third Avenue
New York, New York 10022

AUG 31 1990

Dear Mr. Sweedler:

Thank you for your letter dated November 21, 1989, regarding the scope of copyright protection Customs will provide for Copyright Registration No. TXu 197-291, "Embroidered Sequins Patterns" registered with Customs August 10, 1988 by Sequins International, Inc. You wrote to us on behalf of your client, Daedong Textile Co., Ltd., who is named in the Customs Issuance as an importer of potentially infringing goods. We regret the delay in responding to your inquiry.

The Copyright Act defines a "collective work" as "a work, such as a periodical issue, anthology, or encyclopedia, in which a number of contributions, constituting separate and independent works in themselves, are assembled into a collective whole." 17 U.S.C. section 101. Catalogues can be regarded as collective works for the purpose of copyright protection.

In your letter, you point out that the copyright certificate at issue pertains to sequins patterns which are arranged in a catalogue. You note that copyright for a catalogue containing the works of several authors generally protects that particular arrangement of the articles depicted in the catalogue and not the articles themselves. See 17 U.S.C. section 201(c) ("Copyright in each separate contribution to a collective work is distinct from copyright in the collective work as a whole, and vests initially in the author of the contribution.").

Often, however, when a single statutory "author" applies for copyright protection for several like works, (eg. a group of songs, poems, or drawings), the author will assemble representations of those works into a volume or "catalogue," rather than applying for several individual registration certificates. In that situation, the copyright protects not only the arrangement of the works reproduced in the catalogue but the works themselves. Walco Products, Inc. v. Kittay & Blitz, Inc., 354 F.Supp. 121, 125 (S.D.N.Y. 1972) ("The Copyright Act...protects each of the component portions of a catalogue.") See also King Features Syndicate v. Fleischer, 299 F. 533, 535 (2d Cir. 1924) ("[T]he Copyright Act...provides protection for all the copyrightable component parts of the thing copyrighted, and the proprietor has all the rights in respect thereto which he would have, if each part

2

were individually copyrighted under the act."); <u>Heyman v. Salle</u>, CCH Copyright Law Reports, section 26,443 (S.D.N.Y. July 13, 1989) (registration for compilation of written text and photographs in "pop art" book protected individual photograph contained therein which was taken by the book's author).

Sequins International, as the "author" of each of the sequin patterns, applied for and was granted copyright protection under a single title. When determining the type of protection to be given to intellectual property rights registered with Customs, we are guided by valid certificates as they are issued. In this case, there is no apparent reason why the copyright registered with Customs should not be given full protection. Therefore, products which infringe the Sequins International catalogue or the designs reproduced therein will be subject to seizure.

In your letter, you also question the validity of the copyright issued to Sequins International (Copyright Registration No. TXu 197-291). Customs is not the forum in which your client, Daedong Textile, may contest the issuance of a copyright. Our policy dictates deference to the authority of the courts on this matter. However, if Customs enforces the copyright by detaining your client's goods at a port of entry, Daedong may challenge the seizure in accordance with the procedure set forth in Part 133 of the Customs Regulations (19 CFR Part 133).

Sincerely,

John Atwood

John Atwood
Director, Intellectual Property
Rights Task Force

cc: Elon A. Pollack
    Politis, Pollack & Doram
    680 Wilshire Place
    Suite 404
    Los Angeles, CA 90005