UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
                                                             :
YURMAN STUDIO, INC. and YURMAN                               :   Civil Action No. 07-1241 (SAS)(HP)
DESIGN, INC.,                                                :   (Action No. 1)
                                                             :
         Plaintiffs/Counter-Defendants,                      :
                                                             :
         - against -                                         :
                                                             :
ELENA CASTANEDA and EJEWELER LLC                             :
d/b/a OVERSTOCKJEWELER.COM,                                  :
                                                             :
         Defendants/Counter-Plaintiffs.                      :
                                                             :
------------------------------------------------------------ x
------------------------------------------------------------ x
                                                             :
CARTIER, a division of RICHEMONT NORTH                       :   Civil Action No. 07-7862 (SAS)(HP)
AMERICA, INC., CARTIER INTERNATIONAL,                        :   (Action No. 2)
N.V., CARTIER CREATION STUDIO, S.A., VAN                     :
CLEEF & ARPELS S.A., VAN CLEEF &                             :
ARPELS, INC., VAN CLEEF & ARPELS                             :
DISTRIBUTION, INC., GUCCI AMERICA, INC.,                     :
and BULGARI S.p.A.,                                          :
                                                             :
         Plaintiffs,                                         :
                                                             :
         - against -                                         :
                                                             :
ELENA CASTANEDA and EJEWELER LLC                             :
d/b/a OVERSTOCKJEWELER.COM,                                  :
                                                             :
         Defendants.                                         :
                                                             :
------------------------------------------------------------ x

**MEMORANDUM OF LAW IN SUPPORT OF YURMAN STUDIO, INC.'S AND
YURMAN DESIGN, INC.'S MOTION FOR REARGUMENT AND/OR RECONSIDERATION
OF THE COURT'S AUGUST 19, 2008 OPINION AND ORDER**

ARNOLD & PORTER LLP
399 Park Avenue
New York, New York 10022
(212) 715-1000

*Attorneys for Plaintiffs*

## PRELIMINARY STATEMENT

Plaintiffs Yurman Studio, Inc. and Yurman Design, Inc. (collectively "Yurman") respectfully move this Court, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure and Local Civil Rule 6.3, for reargument and/or reconsideration of the Court's August 19, 2008 Opinion and Order (the "Opinion") to the extent it denied Yurman's motion for summary judgment dismissing Defendants' counterclaim for cancellation of the U.S. Copyright Registrations on which Yurman bases its claims of copyright infringement. Yurman also seeks to reargue the Court's consequent denial of, or failure to consider, Yurman's request for an award of costs, including reasonable attorneys' fees, associated with the defense of Defendants' baseless counterclaim. In denying Yurman's motion in part, the Court overlooked controlling law and misapprehended certain facts as to the nature of Defendants' counterclaim and the basis for Yurman's motion.[1]

## ARGUMENT

"A motion for reconsideration is governed by Local Rule 6.3 and is appropriate where a court overlooks 'controlling decisions or factual matters that were put before it on the underlying motion . . . and which, had they been considered, might have reasonably altered the result before the court.'" *Titan Pharmaceuticals and Nutrition, Inc. v. Medicine Shoppe International, Inc.*, 2006 WL 708552, *1 (S.D.N.Y. Mar. 20, 2006).

As explained in Plaintiffs' motion for summary judgment (Pls' Mov. Br. at 22-24), Defendants interposed a counterclaim seeking cancellation of each of the twelve U.S. Copyright

---

[1] As discussed during the September 2, 2008 status conference before the Honorable Judge Shira A. Scheindlin, all Plaintiffs may seek further reargument and/or reconsideration of the Opinion with respect to the Court's denial of Plaintiffs' motion for summary judgment on the issue of Defendants' willfulness, based in part on Defendants' purported reliance on the advice of counsel, following the completion of Plaintiffs' court-ordered discovery of Defendants' former counsel, Tom Saunders, Esq.

Registrations on which Yurman grounds its copyright infringement claims. Some of these registrations are so-called "collection" registrations, but Yurman only bases its copyright claims on certain individual designs within the collection registrations. Defendants' counterclaim alleges that when Mr. David Yurman created each individual design that Yurman claims is being infringed, he knowingly copied each such design from designs that existed in "substantially the same form" at some unidentified time in jewelry history. After Defendants failed to produce in discovery one shred of evidence, in the form of photographs from jewelry history books, or otherwise, showing the preexistence of any of the Yurman designs being infringed by Defendants (and after Defendants' counsel admitted, on the record at a deposition, that Defendants had made those allegations without doing any research or compiling any materials from jewelry history), Yurman moved for summary judgment dismissing Defendants' counterclaim, and also sought sanctions against Defendants and their counsel.

In the Opinion, the Court granted Yurman's motion in part, finding that there was no evidence that any of the designs in ten of the twelve Yurman U.S. Copyright Registrations in issue preexisted Yurman, but denied the motion with respect to two of Yurman's registrations. Each of these registrations covers a collection of Yurman's jewelry designs, *i.e.*, U.S. Copyright Reg. No. VA 1-116-155 for the "ALBION" COLLECTION, and U.S. Copyright Reg. No. VA 1-384-012 for the LINKED RENAISSANCE COLLECTION 2005. (*See* Opinion at 39). The Court denied Yurman's motion for summary judgment with respect to these two registrations based on its finding that there were issues of fact as to the copyrightability of one of the individual jewelry designs contained in each of these collections. Specifically, the Court found that one individual jewelry design contained in each of the "ALBION" COLLECTION and the LINKED RENAISSANCE COLLECTION 2005 (but not any of the individual designs Yurman

is suing on in this case) employs combinations of design elements that may be similar to those found in two jewelry designs dating back to the third century A.D. and the 1880s - 1900s, which designs appear in jewelry history books submitted by Defendants in their opposition papers (the "Historical Designs").

Although Yurman disagrees with the Court's determination that the Historical Designs may be similar to any of the individual jewelry designs contained in the "ALBION" COLLECTION or the LINKED RENAISSANCE COLLECTION 2005, Yurman does not challenge that finding here. Rather, Yurman simply points out that the Court erred as a matter of law in holding that Yurman's registrations for the "ALBION" COLLECTION and LINKED RENAISSANCE COLLECTION 2005 may be invalid because one individual design in each collection may not be copyrightable. In doing so, the Court has overlooked controlling law relating to collection registration, which the Court itself acknowledged earlier in the Opinion, that so long as one individual design in each collection is copyrightable, the registrations are valid. (Opinion at 32, fn 118). Indeed, earlier in the Opinion, the Court found that three of Defendants' jewelry items actually infringed Yurman's copyright in certain individual designs covered by the "ALBION" COLLECTION and LINKED RENAISSANCE COLLECTION 2005, thereby determining that Yurman's copyright in such design is valid. (Opinion at 42-43, fn 150). These items are depicted below:

| Copyright Reg. No. | Deposit Material | Infringing Overstock Items By Item No. | |
| --- | --- | --- | --- |
| VA 1-116-155 | "Albion" Collection | PK-D_36 | AF-PDY2C |

3

| Copyright Reg. No. | Deposit Material | Infringing Overstock Items By Item No. |
|---|---|---|
| VA 1-384-012 | Linked Renaissance Collection 2005 | BSB-P-SE-7010 |

Once again, as a matter of law, all Yurman need establish, to sustain the validity of a collection registration, is that "at least one work in each collection would support an independent claim to copyright." (Opinion at 32, fn 118). As the Court, in granting Yurman's motion for summary judgment on its claims for copyright infringement relating to certain individual jewelry designs covered by Yurman's "ALBION" COLLECTION and LINKED RENAISSANCE COLLECTION 2005 registrations, necessarily determined that these individual Yurman designs were worthy of copyright protection, as a matter of law, the collection registrations are valid and cannot be cancelled. Thus, the Court erred in denying Yurman's motion for summary judgment as to the two collection registrations.

Moreover, the Court appears to have mistakenly believed (*see* Opinion at 39, fn 141) that Yurman based certain of its infringement claims on the individual designs within the "ALBION" COLLECTION and LINKED RENAISSANCE COLLECTION 2005 that, according to the Court, may not be copyrightable. In fact, Yurman has not based *any* of its copyright infringement claims on the individual designs referred to at pages 36-37 of the Opinion as possibly having preexisted (depicted below):

4





(*See* Zarin Decl. Exh. Q). As explained and shown in the chart on pages 3-4 above, Yurman's successful copyright infringement claims were based on other designs within the "ALBION" COLLECTION and LINKED RENAISSANCE COLLECTION 2005.

Accordingly, there being no issues of fact standing in the way of an award of summary judgment dismissing Defendants' counterclaim as to all twelve of the U.S. Copyright Registrations on which Yurman bases its copyright infringement claims, Yurman's motion for summary judgment should be granted in its entirety, not just in part.

Moreover, in light of the foregoing, we ask that the Court now reconsider Yurman's application for an award of costs, including reasonable attorneys' fees, and other appropriate relief associated with its defense of Defendants' baseless counterclaim. (*See* Pls' Mov. Br. at 22-23). As Defendants' counsel unabashedly admitted on the record at a deposition — nearly a year after filing Defendants' counterclaim for cancellation of the twelve copyright registrations at issue — neither he nor his clients had any factual basis for alleging, as they did in a signed pleading, that at the time Yurman filed its applications to register the Yurman designs at issue in this case, David Yurman knew that each (or any) of the individual designs on which Yurman was basing its infringement claims were previously in existence "in substantially the same form" — an allegation tantamount to asserting that David Yurman defrauded the Copyright Office. This

5

admission, coupled with Defendants' subsequent failure to proffer any evidence from jewelry history showing that any of the infringed designs existed in "substantially the same form" in jewelry history, provides a basis for an award of costs in connection with the defense of this frivolous counterclaim. Yurman, therefore, respectfully requests that the Court reconsider Yurman's application for an award of costs, and upon such reconsideration, award costs and sanctions as requested in Plaintiffs' motion papers.

## CONCLUSION

For the reasons set forth above, Yurman respectfully requests that the Court reconsider its prior Opinion denying (i) Yurman's motion for summary judgment dismissing Defendants' counterclaim for cancellation of Yurman's U.S. Copyright Registrations for the "ALBION" COLLECTION and LINKED RENAISSANCE COLLECTION 2005, and (ii) Yurman's request for an award of its costs, including reasonable attorneys' fees, associated with the defense of Defendants' baseless counterclaim.

Dated: New York, New York  
      September 3, 2008

ARNOLD & PORTER LLP

By: _____  
Louis S. Ederer  
Matthew T. Salzmann  
399 Park Avenue  
New York, New York 10022  
Telephone: (212) 715-1000  
Facsimile: (212) 715-1399

*Attorneys for Plaintiffs*

379798.2